## WOOD et al v. NEVINS et al.

### June 22, 1837.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

Where, in this court, the plaintiff filed, in an action of debt against A., B., and C., the exemplification of the record of an action, brought in a court of New York against the same defendants, as copartners, wherein one of whom, A., only, was served with the writ, and appeared, and, by attorney, pleaded in confession of the plaintiff's action, and judgment thereon was signed *generally,* and B. and C., thereupon, filed an affidavit of defence, that they did not authorize A., or his attorney, to appear for them, or confess judgment in the action in the court of New York. *Held,* the plaintiff was not entitled to judgment under the 2d section of act of 28th March, 1835.

*Quære.* Is the regular confession of a judgment by a defendant, or his attorney, in another court, an "instrument of writing for the payment of money," under the act of 28th March, 1835?

THIS was an action of debt against Richard Nevins, Samuel Nevins, and James Nevins. The plaintiffs filed an exemplification of the record of the Supreme Court of Judicature of the State of New York, by which it appeared, that judgment was obtained in that court against defendants, by C. and J. W. Wood, on certain promissory notes, drawn by Richard Nevins and Company, in favour of the plaintiffs. One of the copartners, Richard

10*

[*Wood v. Nevins.*]

Nevins, only, was served with process, and appeared. To the plaintiff's declaration, the following plea was put in, viz.:

" And the said Richard Nevins, impleaded with Samuel and James Nevins, defendants in this suit, by David S. Field, his attorney, comes and defends the wrong and injury, when, &c., and says he cannot deny the action aforesaid of the said plaintiffs, nor but that the said defendants did undertake and promise, in manner and form, as the said plaintiffs have above thereof declared against them—nor but the said plaintiffs have sustained damage by reason of the non-performance of the several said promises and undertakings aforesaid, to 3668 dollars and 1 cent, besides costs, &c."

On this, judgment was signed in the court of New York, generally, without specifying whether it was against the one defendant, Richard Nevins, or against all of them.

In this court, the two defendants upon whom process was served, filed an affidavit of defence in the following words, viz.:

" Samuel Nevins and James Nevins, the above named defendants, being duly sworn, according to law, respectively depose, and say, that they have a just and legal defence against the plaintiff's demand, in the above case, the nature and character of which are as follows: the deponents never have been citizens nor residents of the city or state of New York, and were never served with process in the action in which judgment is alleged to have been rendered against Richard Nevins, and upon which the present suit is brought, and never had notice, directly or indirectly of any of the proceedings therein. The deponents further say that they had no knowledge of the institution of said action, or of the rendition of judgment therein, until the present action was instituted.—Nor did they or either of them, at any time authorize Richard Nevins, the party alleged to have been served with process, to appear or act for them, nor did they or either of them, ever authorize any attorney to appear for, or confess judgment against them, in the said alleged, or any other action in the state of New York, and that if any judgment has been rendered against said deponents, the same was wholly illegal, and without their authority, knowledge, or consent."

The plaintiffs obtained a rule to show cause why judgment should not be entered, notwithstanding the affidavit of defence, under the act of 20th March, 1835.

[Wood v. Nevins.]

*Williams*, for the rule, said, 1. That a judgment confessed in writing, in a court, by a defendant, either personally or by attorney, on a declaration filed for a specific sum, is an "instrument of writing for the payment of money," within the meaning of the act. 2. That one partner may confess judgment for another, or authorize it to be done by attorney, on matters arising out of partnership transactions, and at all events, the judgment in the New York courts, in this instance, against the defendants, will be regarded as binding here, until it is reversed in the court where it was obtained, or by some competent tribunal of that state.

*Hare* and *Wilson*, contra, argued, 1. That a judgment entered by confession in another court, even if the parties had been served with process, or had appeared, or had given authority for that purpose to an attorney, was not an instrument of writing for the payment of money within the language or the spirit of the act. That a confession is but a mere agreement, that defendant cannot gainsay plaintiff's action—nor deny that he did promise in a certain form—nor deny that the plaintiffs have sustained damages by reason of the non performance, from all which there is but an *implied* promise to pay money, while the act contemplates an instrument of writing, containing an *express* promise for the payment of money. 2. That the judgment was entered without authority given by the two defendants to their co-defendant, or to the attorney, and was not binding. And the judgment itself, though apparently general, no particular defendant being named, must be understood to be against Richard Nevins only, as it relates to the pleadings, which exhibits a confession only by him by attorney.

The counsel cited act of 28th March, 1835, section 2; act of 11th March, 1836, sections 1, 14, (*Stroud's Purd. tit. Courts*), 1 *Miles* 18, 25, 256, 324, 340; 6 *Johns. Rep.* 98; 10 *S. & R.* 164; 11 *S. & R.* 357; 6 *S. & R.* 19; 12 *S. & R.* 250, 325; 17 *S. & R.* 453; 2 *Tidd.* 926, *8th ed.;* 2 *S. & R.* 281; 3 *Randolph* 316; *Constitution of the United States,* art. 4, sect. 1.

THE COURT refused to enter judgment and discharged the rule. Rule discharged.