## GAMBIA *v.* HOWE.

8b 133
141 572

In case of a judgment confessed by virtue of a warrant of attorney, the cause of action must be described either in a declaration or in the warrant of attorney. The record must also show that the execution of the warrant of attorney was duly proved.

ERROR to the *Allen* Circuit Court.

PERKINS, J.—This was a judgment confessed by virtue of a power of attorney.

Two errors are assigned; 1. The record does not show with sufficient certainty the ground of liability on which the judgment was rendered; 2. It does not show that the execution of the power of attorney, by virtue of which it was confessed, was proved.

These errors are well assigned. We take it, that in judg-

ments confessed by warrant of attorney, as well as in cases of suits prosecuted in the usual manner, the record must disclose, with reasonable certainty, the nature of the liability for which the judgment is rendered. When a declaration is filed, it may appear in that. When there is no declaration, it must be set out in the warrant of attorney with the same certainty as is required in a declaration. It was not so set out in this case, and no declaration was filed. The warrant simply authorizes an attorney of the *Allen* Circuit Court to appear, &c., and confess judgment for a certain sum on three promissory notes then in the hands of a third person. Copies of the notes are not set forth, nor are descriptions of them given.

The record should also show that the execution of the warrant of attorney was duly proved. That fact is not shown in this case. A copy of a paper, purporting to be signed by *Robert L. Douglass*, and called an affidavit, appears upon the record, which paper was received in the Circuit Court as proof of the power of attorney; but it has no jurat nor certificate of having been sworn to attached. It amounts to nothing more than a simple certificate.

The judgment in this case is unauthorized.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. Brackenridge*, for the plaintiff.

*J. B. Howe*, for the defendant.

