May Term,
1853.
───────

HARRIS
v.
STANTON.

HARRIS *v.* STANTON.

*S.*, by *V.*, his attorney, during the term of the Circuit Court, filed a decla-
ration in assumpsit, setting forth as the foundation of the action, two
promissory notes executed by *H.*, one of which was not then due, and
would not be for six months thereafter. *V.* also filed a warrant of *H.* to
confess judgment on the notes. The warrant was directed to *V.*, autho-
rizing him, in the usual form, to confess judgment, &c. The record
showed that the execution of the warrant was duly proved to the satis-
faction of the Court; the declaration and warrant appeared therein at
full length; and immediately thereafter, without any intervening matter,
the record proceeded thus: "And the said defendant now here waives
the issue and service of process herein, and says that he cannot gainsay
the plaintiff's action, nor but that he hath sustained damages by reason
of the non-performance in said declaration mentioned, in the sum of," &c.,
being the amount of both notes. Judgment accordingly for that sum. The
declaration alleged a promise to pay, in the usual form, *according to the
tenor and effect of the notes. Held,* that the judgment was not entered by
virtue of the warrant of attorney. *Held,* also, that if the confession
were supposed to be a personal one, a judgment for the amount of both
notes, would, under the declaration, have been unauthorized. *Held,*
also, that the structure of the record precluded the idea that *V.*, or any
other attorney, appeared for *H. Held,* also, that the terms used, "the
defendant now here waives," &c., taken in connection with the context
and the circumstances, do not authorize the conclusion that *H.* appeared
in open Court and confessed the judgment.

*Friday,
May 27.*

ERROR to the *Hamilton* Circuit Court.

STUART, J.—*Stanton*, by *Voss*, his attorney, during term,
filed a declaration in assumpsit, setting forth as the foun-
dation of the action, two promissory notes, one of which
was not then due. The same attorney also filed a war-
rant to confess judgment on the notes. The warrant was
directed to *Voss* himself, authorizing him, in the usual
form, to confess judgment, &c. The record shows that
the execution of the warrant was duly proved to the satis-
faction of the Court. The declaration and warrant ap-
pear at full length; and immediately after, without any
intervening matter whatever, the record proceeds: "And
the said defendant now here waives the issue and service
of process herein, and says that he cannot gainsay the
said plaintiff's action, nor but that he hath sustained
damages by reason of the non-performance in said decla-

May Term,
1853.

Harris
v.
Stanton.

ration mentioned, in the sum of 663 dollars and 30 cents. The judgment of the Court is accordingly for that sum.

It is not worth while to inquire to what class of judgments, whether *nil dicit*, *non sum informatus*, &c., the proceeding before us belongs. It is either a confessed judgment of some kind, or it is nothing.

The *English* courts have always exercised a very stringent supervision over warrants to confess, cognovits, &c. 1 Sellon Pr. 375.—2 Toml. Law Dic. 293.—Chitty Gen. Pr., title, "warrant to confess." There is a recent decision (*June*, 1852,) in the Q. B., showing that the vigilance of the courts to guard against frauds of that kind is not relaxed. *Pocock* v. *Pickering*, 11 Eng. L. & E. R. 461. The fact that many of the *English* decisions arise on statutes and rules of Court, subsequent to *James* 1, though it lessens their authority, does not depreciate their moral force, nor impair their sound public policy.

Without discouraging warrants to confess, this Court has also, on several occasions, shown its anxiety to guard the practice against abuse. 8 Blackf. 133.—1 Ind. 87.—*id*. 89. *Coonley* v. *Tracy*, at the present term.

It is not necessary to decide whether in this state a warrant to confess, directed to the attorney of the opposite party, is or is not regular. That question does not arise in the record. For the judgment was not entered, nor do counsel claim it to have been entered, by virtue of the warrant to confess which appears in the proceedings. *Voss*, the attorney for the plaintiff below, very properly abstained from acting on the warrant, and escaped from the embarrassing attitude in which he would have been placed, had he appeared as the attorney for both parties. But had the question of the validity of a power so directed, been raised, we should, on considerations of public policy, have felt great reluctance to sanction a practice so full of pernicious tendencies.

There is a serious discrepancy in the record, between the judgment and the supposed basis on which the Court acted. One of the notes set out in the declaration had six months to run at the time of judgment rendered. The

supposed confession set out in the record, does not cover this note. The declaration alleges a promise to pay in the usual form, according to the tenor and effect of the notes. The confession (if the personal presence of the defendant be conceded), runs, that he cannot gainsay the plaintiff's action, nor but that he hath sustained damages by reason of the non-performance in the declaration mentioned, &c. There could be no damages for the non-performance of the contract which had not yet matured. From the face of the declaration, the only non-performance that had occurred, was the non-payment of the first note. The amount of the first note, therefore, was, under the supposed personal confession, all the judgment to which the plaintiff below was entitled. The power of attorney, under seal, could not cure this defect; for we have seen that the power was not acted upon—the judgment was not entered in pursuance of the power. Hence a judgment for the full amount of both notes, is wholly unauthorized.

The question still remains, if *Voss* did not appear under the power, how was *Harris* brought into Court? In short, was he in Court in any manner known to the law? It is not pretended that process had been served upon him. Nor is it to be presumed that any other attorney had entered an appearance, or acted under the power to confess; for that power is directed to *Voss* alone. Indeed, the very structure of the record precludes the idea that *Voss*, or any other attorney, appeared for *Harris*. The only way, then, in which *Harris* could have been in Court was by personal appearance.

Finally, it all resolves itself into the single inquiry, did *Harris* appear personally in open Court and confess the judgment? This is a question of interpretation, which must be determined from a careful inspection of the whole record.

The usual formula of entering an appearance has not, in this instance, been observed. There are no such apt and safe words as "personally appeared, in open Court, *James Harris*, and waives," &c. Nor are there any words

equivalent to them. The terms used, "the defendant now here waives," &c., taken in connection with the context and the circumstances, cannot be regarded as sufficient, for there is nothing in the other parts of the record to support such a presumption—nothing to raise even a remote probability of such personal appearance. On the contrary, every *other* part of the record goes far to demonstrate that he did not appear. The novelty that a judgment should be confessed on a note which had six months to run, seems, in itself, inexplicable. Accordingly, we find that in this the record contains internal evidence of mistake. Again, if *Harris* appeared in open Court, there is no reason why the power of attorney should be produced and filed; no reason why its execution should be proved to the satisfaction of the Court, in the face of the very man who made it. It was equally unnecessary and singular to make both the power and the proof of its execution a part of the record, if, in fact, *Harris* was present in Court ready to confess judgment. Especially is all this useless and incredible, if *Harris* in person did confess.

It is readily admitted that the question is embarrassing. Yet, from a careful consideration of the whole record, and all the circumstances connected with it, we are constrained to come to the conclusion that *Harris* did not appear. There being no process, no appearance by attorney, and no personal appearance, there could be no recovery.

We regard it as a settled and salutary rule, sustained by judicial decision and public policy, that in all cases of recovery at common law, the defendant must be in Court in one or the other of these modes; and this fact the record should show affirmatively and clearly.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Robinson,* for the plaintiff.

*O. H. Smith* and *S. Yandes,* for the defendant.