May Term,
1853.
———
WESTON
v.
MURNAN.

---

WESTON *v.* MURNAN, Administrator.

A note given by one of several administrators, admitting a sum of money to be due from the intestate's estate, is not admissible in evidence in a suit against the co-administrator, unless accompanied by proof of an original indebtedness upon which the note was founded; and, when such proof is made, the note becomes only *prima facie* evidence, liable to be disputed on any ground which would have been valid as against such original indebtedness.

ERROR to the *Hancock* Probate Court.

Monday,
June 13.

ROACHE, J.—In the Court below the parties went into trial, without process, by agreement. The cause of action was a note, as follows:

"*February* the 14th, 1845. Due *David Weston*, on the estate of *Joseph Weston*, deceased, forty-four dollars and eithty-three cents, by settlement. *John Weston*, Administrator."

On the trial, an agreed state of facts, signed by the parties, was filed, in which it was admitted that the note above set out was executed by *John Weston*, who, at the time of its execution, was administrator of the estate of the said *Joseph Weston*, in the state of *Arkansas;* that said decedent left an estate in that state, upon which letters of administration had been granted to said *John*.

This agreement and the note was all the evidence before the Court.

May Term,
1853.

WESTON
v.
MURNAN.

The finding and judgment were in favor of the defendant.

The question presented by the state of facts to the Probate Court, was, whether a note, which was an admission that a sum of money was due from the estate in part represented by him, was sufficient evidence in a suit against a co-administrator, to authorize a judgment thereon against him.

We are of opinion it was not.

In *James* v. *Hackley*, 16 Johns. R. 273, it was held that such a note was admissible, and was *prima facie* evidence against the co-administrator.

The doctrine in that case was subsequently reviewed, and, after a full discussion, overruled in *McIntire* v. *Morris*, Administrator, 14 Wend. 90. See, also, the same point decided in *Hammon* v. *Huntley*, 4 Cow. 493, and in *Forsyth* v. *Ganson*, 5 Wend. 558.

The doctrine held in the latter cases are abundantly sustained by the authorites cited, and by the reasoning of the Court.

We are therefore disposed to regard it as the settled law, that a note given by one of several administrators, admitting a sum of money to be due from the intestate's estate, is not admissible in evidence in a suit against the co-administrator, unless accompanied by proof of an original indebtedness upon which such note was founded; and that when such proof is made, the note becomes only *prima facie* evidence, liable to be disputed on any ground which would have been valid as against such original indebtedness.

In the case at bar, there was no proof of indebtedness of the decedent to the plaintiff, or, indeed, of any consideration whatever for the note.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Riley*, for the plaintiff.

*T. D. Walpole*, for the defendant.