*W. S. Holman*, for the appellant.

*J. Ryman*, for the appellee.

———————

5   107
141  572

## McPheeters and Another *v.* Campbell.

A warrant of attorney to confess a judgment must, by the R. S. 1852, be supported by an affidavit that the debt is just and owing, and that the confession is not made for the purpose of defrauding creditors; which warrant and affidavit must be filed with the Court, or the judgment upon the warrant will be erroneous.

A warrant of attorney, to authorize the confession of a judgment, must be executed according to the requirements of the statute in force when the judgment is taken.

A warrant of attorney to confess a judgment provided that the judgment should be collected in five equal annual instalments, the first at the end of six months from the entry of judgment, and the remainder at the end of each year thereafter, successively, in equal instalments, and execution should be stayed accordingly upon said several instalments.

*Held*, that the instrument meant, that no execution was to issue, except to collect the instalments as they respectively fell due, and was a stipulation that none should issue within the periods above specified.

May Term,    *Held*, also, that a stay of execution, without the entry of replevin bail, was
1854.          intended.

McPHEETERS    Section 384, p. 124, 2 R. S. 1852, applies only to confessions of judgments
   v.          upon a personal appearance of the defendant.
CAMPBELL.

*Friday,*      APPEAL from the *Monroe* Circuit Court.
*May* 26.
              DAVISON, J.—*Campbell*, at the *May* term, 1853, filed in
the *Monroe* Circuit Court the following instrument in
writing:

" Know all men by these presents that we, *Joseph G. Mc-*
*Pheeters* and *Felix C. Dunn*, authorize and appoint *Morton*
*C. Hunter*, an attorney of the *Monroe* Circuit Court, or
some other attorney of that Court, to appear at the next
term of said Court, and for us and in our names to confess
a judgment against us for the full amount then due on the
note hereto attached.   Said confession to be in favor of
*Matthew M. Campbell*, and the judgment to be entered on
the following terms, viz.: to be collected in five equal an-
nual instalments, the first at the expiration of six months
from the entry of such judgment, and the remainder at the
expiration of each year thereafter successively, in equal
instalments; and execution is to be stayed accordingly
upon the said instruments respectively.   Given under our
hands and seals, this 4th of *November*, 1852. [Signed] *Jo-*
*seph G. McPheeters*, [seal].   *Felix C. Dunn*, [seal]."

The note attached to the instrument reads thus:

" $940 34½.   *September* 2, 1852.   One day after date, we
promise to pay *Matthew M. Campbell*, or order, nine hun-
dred and forty dollars, thirty-four cents and five mills, for
value received, without any relief whatever from valuation
or appraisement laws.   [Signed] *Joseph G. McPheeters*,
*Felix C. Dunn.*"

Upon the filing of the above instrument and note, *Jacob*
*B. Lowe*, an attorney of that Court, upon the appellee's
motion, appeared, and by virtue of said instrument, con-
fessed that *McPheeters* and *Dunn* were indebted to *Camp-*
*bell* 497 dollars and 97 cents.   Thereupon the Court ren-
dered judgment against them, and in his favor, for said
amount, with costs; said sum of money to be paid accord-
ing to the terms of said instrument, upon the giving of

replevin bail for the stay of execution on the judgment. <span>May Term, 1854.</span>
And the said *McPheeters* and *Dunn* released all errors and
waived all right of appeal, &c.

<span>McPheeters v. Campbell.</span>

Two objections are raised to these proceedings:

1. That the judgment is not accompanied by an affidavit as required by the statute.

2. That the Court had no authority to render a judgment subject to replevin bail, nor had the attorney power to waive the right of appeal.

An act in force when this judgment was recovered, contains these provisions:

" Sec. 383. Any person indebted," &c., "may personally appear in a Court of competent jurisdiction, and with the consent of the creditor," &c., "confess a judgment therefor; whereupon judgment shall be entered accordingly.

" Sec. 384. The debt or cause of action shall be briefly stated in a writing to be filed and copied into the judgment. The confession shall operate as a release of errors.

" Sec. 385. Whenever a confession of judgment is made by power of attorney or otherwise, the party confessing shall at the time he executes such power, or confesses judgment, make affidavit that the debt is just and owing, and that such confession is not made for the purpose of defrauding his creditors. The affidavit shall be filed with the Court." R. S. 1852, 2 vol., pp. 123, 124.

The latter provision seems to be imperative, that the party confessing shall make affidavit, &c. Whether the judgment in question could be impeached collaterally, is an inquiry not presented by the record; but this is a proceeding wherein the ruling of the Circuit Court becomes directly the subject of revision. The Court evidently had no authority to render a judgment by confession unless in the mode prescribed by the statute. The production of an affidavit in the required form was an essential step in the case. And without it the judgment must be considered erroneous. This view is supported by various adjudications of this Court. *McFadin* v. *Gill*, 1 Blackf. 309.—*Ex parte Knight*, 4 *id.* 220.—*Mann* v. *Perkins*, 4 *id.* 271.—See, also, *Wood* v. *Nevins*, 2 Miles 113.

May Term,
1854.

McPheeters
v.
Campbell.

But the power of attorney by virtue of which this judgment was confessed, was executed on the 4th of *November*, 1852, some months prior to the taking effect of the statutory provisions above quoted. Therefore it is contended that the appellee was entitled to a judgment in accordance with the law as it stood when the power was given.

We are not of that opinion. Although a power of attorney to confess a judgment can not be expressly revoked, still it relates to the remedy; and the authority of the legislature to alter the remedy, where such alteration does not impair the obligation of contracts, is too well established to admit of any doubt. In the present case, the note, and not the warrant of attorney, was the contract between the parties; and the appellee was bound to pursue the law of the remedy existing at the time he proceeded to enforce the collection of the note.

The second objection is also well taken. The instrument provides that the judgment shall be payable by instalments, "and execution is to be stayed accordingly upon said instalments respectively." This language should not be interpreted to mean anything more than the natural import of the terms used. It simply meant that no execution was to issue, except to collect the instalments as they respectively fell due; and was evidently a stipulation on the part of the appellee that none should issue within the periods specified in the power of attorney. A stay of execution by agreement of the parties, and not by replevin bail, was obviously intended. But the judgment requires such bail. This was unauthorized by the power, and for that reason the recovery can not be sustained.

It remains to be considered, whether the appellants have, in the case before us, the right of appeal to this Court. Their attorney was not empowered to waive that privilege. But it is said that the confession itself constituted a release of errors; and that thereby an appeal was superseded. We think this is a mistake. That clause of section 384, above recited, which provides that "the confession shall operate as a release of errors," was intended to embrace confessed judgments under the preceding sec-

tion, where the party confessing appeared personally in <span>May Term, 1854.</span> Court; and does not extend to judgments entered up by virtue of a warrant of attorney. The language of the act is not sufficiently explicit to authorize us to say that an appeal will not lie in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. McDonald,* for the appellants.

*A. B. Carlton,* for the appellee.