Woodhull *v.* Freeman.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

---

WOODHULL *v.* FREEMAN.

PRACTICE—FORMER RECOVERY.—In an action to foreclose a mortgage, where the defendant, who is a non-resident of the State,

appears and pleads in bar a former decree in foreclosure of·the same mortgage, if it be shown by evidence that he had no notice, actual or constructive, of the pendency of the suit in which that decree was rendered, or if it appears affirmatively, or by reasonable inference, from the record of the proceedings in which that decree was rendered, that he had no such notice, then such decree will be a nullity, and will constitute no bar to the second suit.

APPEAL from the *Porter* Common Pleas.

PERKINS, J.—The question in this case may be presented by stating the pleadings to have been thus: *Freeman* filed a complaint for the foreclosure of a mortgage executed by *Woodhull.* The proper exhibits were made and filed. The defendant answered, setting up a former recovery, in the same Court in which the then suit was pending, making a copy of the proceedings and judgment a part of his answer. The plaintiff replied that the prior judgment, set up in the answer, was a nullity, in this, that the defendant therein, *Woodhull,* was a resident of the State of *New York,* and a non-resident of the State of *Indiana;* that he was not in any manner notified of the pendency of the suit; that he did not appear, and that judgment was rendered against him by default.

Trial by the Court, judgment for the plaintiff.

If the former judgment was rendered against *Woodhull* without notice, actual or constructive, and appears by the record to have been so rendered, it did not merge the mortgage, was, in fact, void, and could not bar another action upon the mortgage; and such would be the case where it was legally proved that no notice was given. The mortgage upon which the former judgment was based commenced as follows: "*Richard W. Woodhull,* of ——— county in the State of *New York,* by *Nathaniel K. Strong,* his attorney in fact, mortgages," &c.; and it was signed and acknowledged by *Strong* as the attorney of *Woodhull.* It was dated *March* 7, 1860. This mortgage was made a part of the complaint. Other

Woodhull v. Freeman.

persons, not interested in the mortgaged premises, however, were made defendants in the complaint, with *Woodhull*, the mortgagor of the land, and owner of the equity of redemption.

The following summons, and the return thereon, evidenced the only notice given of the pendency of the suit:

"The State of *Indiana*—to the Sheriff of *Porter* county: You are hereby commanded to summon *Richard W. Woodhull, Tighlman A. Hogan, Nathaniel K. Strong, Aaron Lytle* and *Richard Lytle* to appear in the *Porter* Common Pleas Court on the second day of the next term thereof, to answer the complaint of *Lorenzo Freeman*, and of this summons make due return. Witness the Clerk, &c., *August* 28, 1861."

Sheriff's return : "Served on all the within named defendants by reading, and on *N. K. Strong*, attorney in fact for *Woodhull*." Signed by the officer.

Interpreting this return in the light of the facts, appearing in the complaint and record, that *Woodhull* was, one year before, a non-resident, and that there is nothing in the record showing any change of residence, or any temporary appearance in *Indiana*, we think the inference from the whole record is that *Woodhull* was not notified of the pendency of the suit; that the record is not silent, but speaks to that effect. The case also appears to be one not falling within that class where notice to an agent suffices. 2 R. S. p. 57, § 30.

We do not see how the defendant is injured by this suit. He will not have to pay the costs of the former, and it is important, if a sale must be had of the mortgaged premises, that the purchaser shall obtain a good title.

*Per Curiam.*—The judgment is affirmed, with costs and 1 per cent. damages.

*James Bradley, Charles J. Thompson* and *H. A. Gillett,* for the appellant.