*W. R. Pierse; H. D. Thompson, C. Butler, J. L. Mason,* and *C. G. Offutt,* for appellants.

———————•———————

THE STATE, EX REL. COMBS, *v.* HUDSON.

PLEADING.—*Former Adjudication.*—A plea of former adjudication, showing that the questions, things, rights, and matters in suit have been adjudged and tried before and by a tribunal of competent jurisdiction, is good on demurrer.

SAME.—*Jurisdiction of the Person.*—Where the record upon which a plea of former adjudication is based, showing judgment against the defendant by default, only shows service of process on him by recitals in the record, without containing a copy of the notice and return of service, it may be shown that no jurisdiction of the person of the defendant was acquired by proper service.

CONTEST OF ELECTION.—*Notice of Contest.*—In proceedings for the contest of an election to a county office, a copy of the statement of contest and notice must be served by the sheriff by delivering to the contestee a copy of the notice and statement of contest, or by leaving a copy thereof at his last usual place of residence.

SAME.—*Return of Service.*—A return upon the notice issued in such case, as follows: "Served on the within named" A. B., "by reading and delivering to him a copy of the order," is insufficient to show the service required by the statute.

APPEAL from the Green Circuit Court.

PETTIT, J.—This is an information in the name of the State, on the relation of John J. Combs, against John R. Hudson. The object of the proceeding is to inquire by what authority the defendant holds and exercises the office of county commissioner in the county of Green. The information charges that John R. Hudson, on the 6th day of September, 1869, did wrongfully and unlawfully intrude into the office of county commissioner, of the county of Green, in the

The State, *ex rel.* Combs, *v.* Hudson.

said State; that he had continued, from that time to the filing of the information, to hold and discharge the duties of the said office; that the holding and discharging the duties of the said office by the said Hudson was wrongful and unlawful, for the reason that he had not been duly elected to the said office, and was not entitled to hold and exercise the duties of such office; that the relator had been damaged in the sum of five hundred dollars by the wrongful and unlawful conduct of the said Hudson, by reason of the fact that the relator had been duly and legally elected to the said office.   The prayer of the information was, that the said Hudson be notified to appear and show by what authority he held and executed the said office.

The defendant appeared, and answered in three paragraphs.

The relator demurred to the second and third paragraphs of the answer.   Demurrer sustained.

The defendant excepted to this ruling.

The substance of the third paragraph of the answer is, that within ten days after the relator was declared elected, the appellee gave notice of contest, and filed a statement, which set out, in detail, the causes of contest; that, upon filing such statement, the auditor gave notice to the clerk, and called the board of commissioners together; that notice was issued and served on contestee of the time and place of trial, and that he had notice of the matter and questions to be tried; that the board of commissioners met at the time and place designated by the auditor; that the relator was called and defaulted and failed to attend, and the court proceeded to hear the proof; that the case was tried on its merits and found for the appellee, and that he was duly commissioned, and had been acting under such commission. The record of that proceeding was made a part of this paragraph.

The first entry made by the board of commissioners in that case is in these words:

"Trial being called, comes now the said John R. Hudson, contestor, by Rose and Alexander, his attorneys, and proves,

to the satisfaction of the court, that a notice of the time and place specified in the notice to the board of commissioners, for trying said contest of election, for the office of commissioner of Green county, Indiana, had been duly served on John J. Combs, contestee, as aforesaid, by the sheriff of said county, and a copy of the specifications filed in the said cause had been duly delivered to the said contestee, by the sheriff aforesaid, within five days after the said notice and specifications had been delivered to the said sheriff, and being now three times called, comes not, but makes default herein."

The plaintiff filed a reply to the third paragraph of answer in these words:

"And the said plaintiff, for a reply to the third paragraph of the answer, says, that he ought not to be estopped or precluded by the matters and things alleged in the said third paragraph of the answer, for the reason that the proceedings and judgment of the said board of commissioners were illegal and void, for the reason that the said board of commissioners had no jurisdiction of the said cause, or the person of the defendant in that action and the plaintiff in this action, because the said contestee in the said proceedings had not been notified of the pending of such proceedings in the manner required by the statute, as will more fully appear by reference to the notice issued by the auditor, and delivered to the sheriff of the said county, and his return thereon, copies of which are filed herewith, and hereof made a part, which notice and the return thereon are in the words and figures as follows, to wit:

'STATE OF INDIANA, GREEN COUNTY, SS:

'The State of Indiana to the Sheriff of Green county, greeting:

'You are hereby commanded to summon John J. Combs to appear before the board of commissioners of said county, on the 7th day of November, 1868, at the court house in Bloomfield, to answer in a case of contested election for county commissioner, first district, wherein John R. Hudson

The State, *ex rel.* Combs, *v.* Hudson.

is contestor, and John J. Combs is contestee. Herein fail not, and have then and there this writ.

'Witness my hand and official seal this 21st day of October, 1868.

[Seal]                                        O. T. BAKER,
                                   'Auditor Green county.'

"Which writ has the following sheriff's return on it:

'Served on the within named John J. Combs, by reading and delivering to him a copy of the order, dated this 23d day of October, 1868.          F. M. DUGGER, Sheriff.

'By JAMES HARRAH, Deputy.'

"That the finding of the said board of commissioners, that the defendant in that proceeding 'had been duly served with notice,' was untrue in fact, and not sustained by the return of the sheriff on the said notice."

The defendant demurred to this reply. The demurrer was sustained, exception taken, and the plaintiff refused to reply further. The court rendered final judgment in favor of the defendant, and plaintiff prayed an appeal to the Supreme Court, which was granted.

The errors assigned and argued are, first, that the court erred in overruling the demurrer to the third paragraph of the answer; second, the court erred in sustaining the demurrer to the second paragraph of the reply, which was a reply to the third paragraph of the answer. We have no doubt that the third paragraph of the answer was good, as it showed that the questions, things, rights, and matters set up in this suit had before been adjudged and tried before and by a tribunal of competent jurisdiction.

The board of commissioners had jurisdiction of the subject-matter. The subject-matter was the contest of elections. 1 G. & H. 316.

The next and only remaining question is, was the reply sufficient? The notice to the contestee and the return of the sheriff were not made a part of the third paragraph of the answer, nor were they set out in the record accompanying and made a part of it; but the record recites that it was

"proved to the satisfaction of the court that a notice of the time and place specified in the notice to the board of commissioners for trying said contest of election for the office of commissioner of Green county, Indiana, had been duly served on John J. Combs, contestee as aforesaid, by the sheriff of said county, and a copy of the specifications filed in said cause had been duly delivered to the said contestee by the sheriff aforesaid," within the proper time. The reply seeks to avoid the force of the estoppel pleaded, by averring that notice had not thus been given, and that for that reason the court had no jurisdiction of his person, and makes the notice and return of the sheriff a part of it. The form of the notice is not objected to, but the objection goes to the return of the sheriff thereon, which is as follows: "Served on the within named John J. Combs by reading and delivering to him a copy of the order." Sec. 18, 1 G. & H. 319, requires that the notice and a copy of the statement of contest shall be delivered to the sheriff, who shall serve the same on the contestee "by delivering to him a copy of such notice and statement, or leaving a copy thereof at his last usual place of residence." The statutory notice must be given, or the commissioners could have no jurisdiction of the person; and it is competent to controvert this service, especially when it is only shown by recitals in the record, and not by an inserted or recorded copy of the notice and return. The sheriff does not say that he delivered a copy of the notice or of the statement, but that he served the notice by reading, and delivered a copy of the order.

What is intended by the order, we cannot say; but it is manifest that no order, a copy of which could be delivered, had been made, for the commissioners had not then met to make any order. The reply shows that the service was not such as the statute requires, and that the board of commissioners had acquired no jurisdiction of the defendant. *Horner* v. *Doe,* 1 Ind. 130; *Woodhull* v. *Freeman,* 21 Ind. 229; *Doty* v. *Brown,* 4 Comst. 71; *Packet Company* v. *Sickles,* 5 Wal. 580.

The court should have overruled the demurrer to the reply, and allowed both parties to prove what was the actual service made.

The judgment is reversed, at the costs of the appellee, with instructions to overrule the demurrer to the second paragraph of the reply to the third paragraph of the answer.

BUSKIRK, J., having been of counsel, was absent.

*S. H. Buskirk* and *J. R. Isenhower,* for appellant.