No. 9520.

## MAY v. GREENHILL ET AL.

RECEIVER.—*Complaint for.*—*Notice of Application.*—Under the provisions of the act of March 12th, 1875, in relation to the appointment of receivers, etc., 2 R. S. 1876, p. 115, note 1, a receiver could not be appointed by any court, in any case, until the adverse party had appeared and answered the complaint therefor, or had reasonable notice of the pendency of the action and of the application for the appointment of such receiver.

From the Marion Circuit Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*W. H. Martz*, *W. W. Herod* and *F. Winter*, for appellees.

HOWK, J.—In this case, the appellee Robert Greenhill, for

himself and forty other persons, whose names were given, "and many others whose names are unknown to this plaintiff," all of whom were creditors of Henry Thompson, complained of said Thompson and the appellant, Edwin J. May, as defendants. In his complaint, the said Greenhill alleged, in substance, that he brought this action for himself and the other persons whose names were mentioned therein, and all others who might join in the action; that, by reason of the great number of the creditors of Henry Thompson, it would be inexpedient and impracticable to bring separate actions on their claims, and would unnecessarily encumber the records of the court; that the said Thompson was the sole proprietor of a certain hotel, commonly known as the "Occidental Hotel," in the city of Indianapolis; that the creditors' claims, mentioned in said complaint, were made and incurred by said Thompson in managing and operating said hotel; that the claims therein mentioned amounted in the aggregate to about three thousand dollars. (And here follows a list of the creditors named in the complaint, with the amount alleged to be due from Thompson to each of them set opposite to his name.)

It is then further alleged in the complaint, that the said several claims were for labor performed and goods furnished, at the special request of said Thompson, and that the same were then due and wholly unpaid; that on or about the third day of May, 1881, the said Henry Thompson left the State of Indiana; that at that time, and long prior thereto, the said Thompson was financially embarrassed, and left the State for the purpose of delaying and defrauding his creditors and the plaintiff, and for the purpose of avoiding the service of process on him; and that, by reason of said Thompson's having so left the State, it was impossible to secure service of notice upon him of the pendency of this action, and of this application for the appointment of a receiver; that, prior to and at the time of his departure from the State, the said Thompson was the sole proprietor and manager of the said hotel, and the business, rights and property appurtenant thereto, and the good-will

thereof; that, immediately after the departure of said Thompson from the State, the appellant, Edwin J. May, wholly without right or authority, took possession of said hotel and its business, property and furniture, and was then, without right or authority, using, occupying and controlling said hotel and its property, to the exclusion of said creditors, for his own use and benefit; that the said Thompson had no other property, in this State, subject to execution, out of which the claims of said creditors could be made; that the property in said hotel, and the rights and good-will of its business, were of the value of, to wit, ten thousand dollars; that, if the said assets were properly administered, they would suffice to pay all of the debts of said Henry Thompson; that the appellant, May, had no right, title or interest in or to the said hotel property other than a pretended chattel mortgage upon the personal property of said hotel, to secure notes of about five thousand dollars; that the said May claimed to hold an assignment of the lease for the hotel building from said Thompson, which pretended transfer, if made, was wholly fraudulent and void as to the said creditors of said Thompson, and was without any consideration whatever, and, if made, was made on the night of the third day of May, 1881, and but a few minutes before he, Thompson, left the State as before stated.

And the appellee Greenhill further said that all the property in said hotel, belonging to said Thompson, was subject to levy and sale to pay the debts due the said creditors, but that any such sale would greatly diminish the value of said property, and totally destroy the good-will of said hotel; that said property was in great danger of being wasted and destroyed, and might not be sufficient to pay and satisfy the demands of said creditors of said Thompson, if the same should be allowed to remain in the hands and under the control of said Edwin J. May; and that, if the said property and business were properly managed, the claims of said creditors and others, including the pretended claim of said Edwin J. May, could be saved to them and other creditors, if any, of said Thompson.

Wherefore the appellee Greenhill, in his own behalf and in behalf of others, for whose benefit he brought this action, prayed the court that a receiver might be appointed to take possession, control and management of said hotel and the business thereof, and of all the property belonging to the said Thompson, within the jurisdiction of the court, and to collect and receive all sums of money and claims due the said Thompson ; and that such receiver might be allowed to carry on and operate said hotel, under the order of the court, until the final hearing of this cause, and that the said receiver might be then ordered to pay the said creditors such sums of money as should thereafter be determined to be due them, and each of them.

This complaint was verified by the oath of the appellee Greenhill, and filed in the court below, on the 31st day of May, 1881. Afterward, on June 3d, 1881, a summons was issued on said complaint for the defendants named therein, addressed to the sheriff of Marion county, and commanding him to summon them to appear in said court on the first day of its ensuing August term, and answer said complaint. The sheriff returned this summons, as served on said Edwin J. May, on June 3d, 1881, and that the defendant Henry Thompson was not found in his bailiwick.

On the 4th day of June, 1881, the court sustained the motion of the appellee Greenhill for the appointment of a receiver, as prayed for in his verified complaint. Thereupon, the court ordered in substance, that Albert W. Wishard should be appointed a receiver to take charge of the property named in the complaint, and to perform the duties thereinafter specified ; and the appellant, Edwin J. May, was ordered to deliver over to the receiver all and singular the personal property, then in his possession, belonging to, or a part of, and situate in the " Occidental Hotel," in the city of Indianapolis, which was in the hotel and belonging to the defendant Henry Thompson, in any manner, on the 1st day of May, 1881, or since, or wheresoever else the same might be, which then or since belonged to Henry Thompson in any

manner whatsoever, by virtue of his former ownership or proprietorship of said hotel, together with the possession of said hotel buildings; and that said Edwin J. May should deliver to the receiver all the books, with all the notes, bills, accounts and other rights of action, belonging in any manner to said Thompson. The order then prescribed the duties of the receiver, and gave directions as to the manner in which he should execute his trust.

The appellant Edwin J. May objected to the order of the court for the appointment of a receiver, and his objections having been overruled by the court, he excepted to such ruling and filed his bill of exceptions. The said Edwin J. May has appealed to this court from the order for the appointment of a receiver, and perfected his appeal within ten days from the date of such order. The record fails to show that the defendant Henry Thompson appeared and answered in this action in the circuit court, or that he had any notice, reasonable or otherwise, of the pendency of the action and of the application for the appointment of a receiver, before the court made the order for the appointment of a receiver.

The first three errors assigned by the appellant, Edwin J. May, call in question the order of the court for the appointment of a receiver, to take possession of personal goods and chattels, rights, credits and demands, alleged in the complaint to be the property of the defendant Henry Thompson. It is earnestly insisted by the appellant's counsel, that the court was not authorized by any law of this State to appoint a receiver to take possession of the personal estate described in the complaint as the property of the defendant Thompson, under the circumstances shown in and by the record of this cause. The complaint alleged that Thompson had left the State, the summons issued for him in this case had been returned, apparently on the day of its issue, as to him "not found," he had not appeared and answered in this action, nor had any notice, reasonable or otherwise, been given him of the pendency of this action and of the appellee's motion for

the appointment of a receiver therein. At the time this action was commenced, and of the order of the court for the appointment of a receiver therein, the act of March 12th, 1875, in relation to the appointment of receivers, etc., was in force in this State. The first section of this act provides as follows: " That receivers shall not be appointed by any court, in any case, until the adverse party shall have appeared and answered in the action pending, or shall have had reasonable notice of the pendency of the action and of the application for such appointment." Acts 1875, p. 117; 2 R. S. 1876, p. 115, note 1. It seems to us, therefore, that, in so far as the defendant Thompson was concerned, the order of the court for the appointment of a receiver to take possession of property upon the mere allegation that it belonged to him, was made in direct violation of the provisions of the statute, and can not be sustained.

The appellant May has also assigned as error, that the appellee's complaint did not state facts sufficient to constitute a cause of action, or to authorize the court to appoint a receiver. This error, we think, is well assigned. The complaint does not state, nor attempt to state, any cause of action against the appellant, May. As against the defendant Henry Thompson, the case made by the allegations of the complaint is not a case for the appointment of a receiver. It was not alleged therein that the appellee Greenhill, or either of those persons for whom he sued, had any lien of any kind upon the property mentioned in the complaint. Conceding the truth of all the facts alleged in the complaint, precisely as they are stated, it seems to us that, without any resort to the equitable powers of the court, the law of this State afforded the appellee and those persons for whom he sued, a full, complete and ample remedy, by attachment against Henry Thompson, and process of garnishment against Edwin J. May.

For the reasons given, we are of the opinion that the appellee has mistaken his remedy, if he has any, and that the

VOL. 80.—9

facts stated in his complaint were not sufficient to authorize the appointment of a receiver.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to the court to vacate and set aside its order for the appointment of a receiver herein, and for further proceedings not inconsistent with this opinion.