No. 12,097.

PRESSLEY *v.* HARRISON ET AL.

JURISDICTION.—*Judge in Vacation.*—A judge can exercise in vacation only such limited powers as may be specially granted by statute, and his jurisdiction must affirmatively appear of record.

SAME.—*Receiver.*—*Appointment of.*—If a judge in vacation may appoint a receiver where no process has issued and no appearance has been made to an action, but the person named as defendant in a complaint has voluntarily appeared to a motion made before the judge for the appointment of a receiver, still a judge has no power to make such an appointment, where, because of the want of the issue of process and the want of an appearance, no action is pending, and such defendant has not himself appeared, in person or by attorney, to such motion.

SAME.—*Appearance.*—*Plaintiff Can Not Appear for Defendant.*—The filing and delivery to the judge by the plaintiff of papers purporting to be signed by the defendant can not constitute an appearance by the defendant to the action or to the plaintiff's motion for a receiver.

SAME.—*Partners.*—*Mutual Request for Receiver.*—A receiver can be appointed only in a proceeding where there are adverse parties. Partners can not, without any suit pending between them, obtain the appointment of a receiver of their property by their mutual request therefor, one putting his request in the form of a complaint against the other, and the latter his consent in the form of an answer to such complaint.

SAME.—*Collateral Attack.*—Where, from an inspection of the record, it affirmatively appears that no jurisdiction of the person was acquired, no presumption in favor of the judgment as against a collateral attack will be indulged.

From the Marion Superior Court.

*F. Winter, R. B. Duncan, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellant.

*R. Hill, B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellees.

MITCHELL, J.—From the complaint in this case the following facts appear: Alfred and John C. S. Harrison were partners doing business as bankers in the city of Indianapolis, and were the owners of real and personal property, some of which was partnership property, and some the individual property of the several partners. On the 18th day of July, 1884, Alfred Harrison filed, in the office of the clerk of the Marion Superior Court, a petition in which John C. S. Harrison was described as defendant. It was averred in the petition that the plaintiff and defendant were partners; that on account of insolvency they were unable to continue their partnership business. It was also averred that as a firm they were possessed of real and personal property, and that they were owing debts; that the partnership ought to be dissolved, and its affairs wound up. The prayer was, that a receiver should be appointed to take charge of the assets of the firm, etc.

With the petition Alfred Harrison also filed the following paper: "*Alfred Harrison* v. *John C. S. Harrison.* The defendant, John C. S. Harrison, admits the allegations of the

complaint herein to be true.   John C. S. Harrison." It is averred that no process was issued or served upon John C. S. Harrison, and that he did not appear to said petition either in person or by attorney.

Immediately upon the filing of the foregoing papers, Alfred Harrison presented them to the Honorable Lewis C. Walker, one of the judges of the Marion Superior Court, at chambers, in vacation, without any other proceedings having been taken thereon, and asked for the appointment of a receiver. Thereupon the judge made an order placing the assets of the firm in charge of the sheriff of Marion county, and held the matter of the appointment of a receiver under advisement.

It is further averred that on the 19th day of July, 1884, being still in vacation, Alfred Harrison filed, in the clerk's office, and presented to the judge at chambers, a supplemental petition, wherein he showed that both he and his partner were the owners of certain individual property, real and personal, which they were each willing to surrender for the benefit of their creditors, and praying that an order should be made turning their individual property over to a receiver to be appointed.

It is also alleged that no process was issued upon this supplemental complaint, and that John C. S. Harrison did not appear thereto, either in person or by attorney, but that at the time it was filed and presented Alfred Harrison filed and presented with the supplemental petition the following paper, purporting to be executed by John C. S. Harrison :

"THE STATE OF INDIANA, MARION COUNTY, SS :

"*Alfred Harrison* v. *John C. S. Harrison.* No. 32,604. Answer to supplemental complaint.

"John C. S. Harrison, defendant in the above entitled cause, says that he admits the allegations of the supplemental complaint of the plaintiff herein, and consents to the surrender of all of his individual property in the manner and for the purpose mentioned in said complaint.

"JOHN C. S. HARRISON, Defendant."

Without any further proceedings Robert N. Lamb was thereupon appointed receiver. He qualified, took and continued in possession of all the partnership and individual property of the Harrisons.

At the time the proceedings above recited took place, the appellant, Pressley, was a creditor of the firm, and on the 25th day of August, 1884, recovered a judgment against its members for $9,929.02 in the Marion Circuit Court. On this judgment execution was issued, which, at the commencement of this suit, on the 30th day of August, 1884, remained in the hands of the sheriff.

After reciting in detail facts of which the foregoing is the substance, the complaint charges that the appointment of the receiver in the manner stated was without the jurisdiction of the judge, and therefore void.

The relief prayed is that the lien of the appellant's judgment and execution should be declared to be prior to the claim and right of the receiver, and that he be directed to pay the claim of the appellant as a preferred lien.

A demurrer was sustained to the complaint, and the correctness of this ruling is the only question in the record. The case has been ably and elaborately argued on both sides.

On behalf of the appellant, it is contended that no receiver could be appointed until an action was pending, and that because no process was issued, and no appearance was entered for the defendant, before the receiver was appointed, no action was pending, and that, therefore, the appointment was void.

The contention of the appellees is, substantially, that a party against whom the appointment of a receiver is asked, may appear before the judge at any time and plead to the application, resist or consent to the appointment, and that, therefore, the papers filed by Alfred Harrison, who was the plaintiff in the petition, for John C. S. Harrison, the defendant, was such an appearance and answer as gave the judge jurisdiction to make the appointment.

It is conceded that an action is not commenced until process has issued, or an appearance has been entered by the defendant. The power which a judge may exercise in vacation is such special statutory power as is prescribed. Whatever it is asserted may be done by him, except in term, authority therefor must be found in the statute. If not found there, it may be assumed that it does not exist. *Taylor* v̄. *Moffatt*, 2 Blackf. 305.

Under the code of 1852, in which it was provided that " a receiver may be appointed by the court" in certain cases, it was held that an appointment made by a judge in vacation was void. *Newman* v. *Hammond*, 46 Ind. 119.

The act of 1875, 2 R. S. 1876, p. 115, provided, substantially, as the chancery practice did, " That receivers shall not be appointed by any court, in any case, until the adverse party shall have appeared and answered in the action pending, or shall have had reasonable notice of the pendency of the action and the application for such appointment." *May* v. *Greenhill*, 80 Ind. 124.

By the code of 1881, section 1222, it is provided: "A receiver may be appointed by the court, or the judge thereof in vacation, in the following cases : * * * * *Second*. In actions between partners, or persons jointly interested in any property or fund."

It will be seen from the statute above quoted that a receiver may now be appointed by the court or judge in vacation, in *actions* between partners. As to the time when the appointment may be made the statute is silent. A receiver may be appointed " in actions," etc., is the provision of the statute. By the ancient practice of the court of chancery in England, a receiver was not appointed until after the coming in of the defendant's answer, but it is now settled, both in this country and in England, that the appointment may be made before answer, provided a special necessity therefor is shown to exist. High Receivers, secs. 105, 106.

Unless under extraordinary circumstances, as where the defendant had left the State to avoid process or the like, the

rule seems to have been that a court could get no jurisdiction to appoint a receiver until after service of process and notice of the motion. *Whitehead* v. *Wooten,* 43 Miss. 523; Edwards Receivers, 13, 14. This was in effect the provision of the statute of 1875.

We think this rule prevails without substantial modification under existing statutes. We know of no decided case, except where the court was authorized by statute to preserve the estates of infants and lunatics, in which a receiver was appointed before a suit was pending.

If an immediate necessity therefor is shown to exist, the application for a receiver may be entertained when the action is commenced, which, under the rule here, is when process is issued, or an appearance to the action is entered, in the manner recognized, but as the appointment of a receiver in any case is a provisional remedy, auxiliary to the action or the relief prayed for therein, neither the court in term nor judge in vacation can acquire jurisdiction to appoint a receiver until there is an action pending. The application for a receiver is an interlocutory proceeding in a pending suit. *Brinkman* v. *Ritzinger,* 82 Ind. 358; *Dale* v. *Kent,* 58 Ind. 584; *Merchants', etc., Bank* v. *Kent,* 43 Mich. 292. Unless it is shown that on account of absence, or for some other cause, process can not be served on the defendant, the application should not be entertained until after service and notice.

The action pending is the principal thing; the application for, and appointment of, a receiver is a mere incident, to preserve the subject of litigation until the decree is given, and made effectual; and as necessary to the incident, the action must be pending. Such applications are properly made on written motion or petition, with notice to the defendant. Affidavits, or, in the discretion of the court or judge, oral testimony, may be heard in support of or against the motion, but no pleadings are contemplated so far as respects the motion or application. This was ruled in *Pouder* v. *Tate,* 96 Ind. 330, where it was held that an offer to file a demurrer

to an application for a receiver was properly refused. So, in *Buchanan* v. *Berkshire Life Ins. Co.,* 96 Ind. 510, it was held that to an application for the appointment of a receiver no answer or other formal pleadings were authorized.

As it is a prerequisite to the power of a judge to act upon the application for a receiver, that there should be a case pending in which the receiver is to be appointed, and as in the motion for the appointment nothing is before the judge for determination except the application, and as to such application no pleadings are proper, it may well be doubted whether in any case jurisdiction to make such appointment could be acquired by a judge at chambers by the voluntary appearance of the defendant to such motion where no process had issued, and no appearance was entered in the case.

The obstacle which stands in the way of upholding the appointment which is assailed here, however, is found in the fact that no action was pending at the time, and in the further fact that John C. S. Harrison did not appear before the judge either in person or by attorney.

It is impossible to hold that signing and delivering to the plaintiff in the case the several papers above set out, and the presentation of them by him to the judge, constituted an appearance by the defendant, either to the action or to the proceeding before the judge.

An unbroken line of decisions of this court has settled the rule that in order to confer jurisdiction over the person of a defendant in a judicial proceeding, where process has not been issued and served, his presence in court, either in person or by attorney, is indispensable. *McCormack* v. *First Nat'l Bank,* 53 Ind. 466; *Rhoades* v. *Delaney,* 50 Ind. 468; *Craig* v. *Glass,* 1 Ind. 88; *Ferrand* v. *McClease,* 1 Ind. 87; *Harris* v. *Stanton,* 4 Ind. 120; *Comparet* v. *Hanna,* 34 Ind. 74; *Scott* v. *H .',* 14 Ind. 136; *Willman* v. *Willman,* 57 Ind. 500; *Paulus* v. *Latta,* 93 Ind. 34.

In *Robinson* v. *Board, etc.,* 37 Ind. 333, it was said: "Assuming that the proceeding was of an adversary character,

then, to make Robinson a party, he must have been brought in in some mode prescribed by law, or he must have voluntarily appeared to the proceeding. The record does not show that he became a party in either of these modes; or, in other words, that he was a party at all." See, also, *Gilmore* v. *Board, etc.*, 35 Ind. 344.

Even if it were conceded that a receiver might in any case be appointed before the action was pending, where the defendant appeared before the court or judge, it must nevertheless be held that the appearance of the defendant must have been in a manner which is recognized by the law as an appearance. It can not be maintained that such an appearance was entered in this case.

Actions in which receivers may be appointed must be actions in which there are adversary parties. A receiver can not be appointed in an *ex parte* proceeding. *Hardy* v. *McClellan*, 53 Miss. 507. This being so, it must result from the very nature of things, that one adversary litigant, without express statutory authority, could not appear for and give jurisdiction to the court or judge over the other.

It is of the essence of judicial proceedings which can not be *ex parte*, that they should be *inter partes*, and as a proceeding in which a receiver may be appointed can not be an *ex parte* proceeding, it results that there must be upon the record and before the court or judge adverse parties. One party to an adversary proceeding can not do anything, nor can he be authorized to do anything by the other, which can give the court or judge jurisdiction over him except as the statute has enacted.

As the statute does not authorize, and public policy forbids, one party to appear for the other, it must be held that where it appears, as here, that the only jurisdiction which the court or judge had over the defendant was such as was acquired through the agency of the plaintiff in appearing for him, its proceeding was without jurisdiction and void.

It is said by counsel for the appellees that the papers signed

by John C. S. Harrison, and presented by Alfred Harrison, were in effect requests to the judge to appoint a receiver. It is in that character we regard them, and it is that fact which makes the whole proceeding in legal effect *ex parte*. It was nothing more than the two partners uniting in a request to the judge in vacation for the appointment of a receiver without a suit pending. That the one put his request in one paper and the other his consent in another, entitling each with a caption as if they were adverse parties, counts for nothing. The substance of the proceeding was as stated above.

We have no doubt that parties to a controversy in an action pending may consent to the appointment of a receiver. We know of no authority, however, for partners to go before a court in term, or a judge in vacation, without a suit pending, and by mutual consent effect a voluntary assignment in the manner here proposed.

The statute enacted for that purpose points out the appropriate means to that end, and it declares further that all other assignments shall be deemed fraudulent and void.

The argument is made that as this is a collateral attack upon a judgment, the jurisdiction of the court or judge will be conclusively presumed. This contention can not prevail. The complaint in this case avers, and the demurrer admits, that at the time the receiver was appointed no action was pending, that no process had been either issued or served on John C. S. Harrison, and that he did not appear to the action or motion, either in person or by attorney.

From this admission it results that the judge acquired no jurisdiction over the subject-matter of the receivership or of the person of the defendant, and the appointment was, consequently, not merely irregular, but absolutely void.

When the record of a court of general jurisdiction is silent upon the subject of the service of process, the presumption will be indulged that jurisdiction of the person was acquired as against a collateral attack. Parties to the record in such cases, and those in privity with them, will not be heard to

impeach it collaterally; but where from an inspection of the record it affirmatively appears that no jurisdiction was acquired, such presumption will not be indulged, and the fact may be shown collaterally. *Coan* v. *Clow*, 83 Ind. 417; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Woodhull* v. *Freeman*, 21 Ind. 229; *State, ex rel.*, v. *Hudson*, 37 Ind. 198; *Warring* v. *Hill*, 89 Ind. 497.

As we have already observed, a judge in vacation exercises only limited statutory power, and in such cases it must affirmatively appear that such a state of facts existed as warranted the exercise of jurisdiction. *Cobb* v. *State*, 27 Ind. 133; *Britton* v. *State, ex rel.*, 54 Ind. 535; *Newman* v. *Manning*, 89 Ind. 422; *Nicholson* v. *Stephens*, 47 Ind. 185.

The appellant here is a stranger to the proceeding assailed, and as such it is competent for him to allege and show the want of jurisdiction, and consequent invalidity of the proceeding.

The judgment is reversed, with costs, with directions to the court below to overrule the demurrer to the complaint.

ELLIOTT, J., did not participate in the decision of this cause.

