Filed June 14, 1895.

---

No. 17,205.

## BIBLE ET AL. *v.* VORIS.

JUDGMENT BY CONFESSION.—*Essentials.*—*Affidavit.*—*Erroneous.*—A court has no authority to render judgment by confession, unless in the manner provided by statute, the production of an affidavit in the required form being an essential step in the case, without which the judgment is erroneous.

EVIDENCE.—*Adjudication of Court of Record.*—*Proof by Record.*—An adjudication of a court of record must be proven by the record, and not by parol.

SAME.—*Power of Attorney.*—*Note.*—*Confession of Judgment.*—In an action to determine the priority of a judgment on a promissory note which contains a clause of power of attorney to confess judgment, it was not error to permit proof by the attorney who confessed judgment, that he possessed no authority not contained in the note.

LIENS.—*Priority of.*—*Necessary Parties.*—*Judgments.*—In an action to determine the priority of judgment liens, only the parties in interest (those that would be affected by such proceeding) need be made parties.

POWER OF ATTORNEY.—*Quære*, is a power of attorney embodied in a promissory note empowering any attorney of a court of record to confess judgment, void as against public policy.

From the Montgomery Circuit Court.[1]

*H. D. Van Cleave, W. B. Paul, I. M. Davis, C. Johnston* and *E. R. Johnston,* for appellants.

*G. W. Paul* and *M. W. Bruner,* for appellee.

HACKNEY, J.—On the 15th day of December, 1892, the appellee had pending in the lower court an action for the recovery of a debt due from Milo S. and Henry Tomlinson and the return day was the day following. On the said 15th day of December the appellants Pritchard instituted in said court an action against the Tomlinsons to recover upon two promissory notes, in each of which notes was the following language: ''To secure the payment of said amount we hereby authorize irrevocably any attorney of any court of record to appear for us in such court in term time or vacation at any time hereafter and confess judgment without process in favor of the holders of this note, for such amount as may appear to be unpaid thereon, together with costs and ten per cent. attorney's fees and to waive and release all errors which may intervene in any such proceeding and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue hereof.''

On that day process was issued in said action, returnable on the 26th day of December, 1892. Said process not having been served and the Tomlinsons having no knowledge of the pendency of said action or the proceedings which followed on said 15th day of December, the Pritchards, by their attorneys, and by virtue alone of the above quoted stipulation in said notes, procured a member of the bar of the lower court to file in said last named cause an offer to confess judgment for the sum of said notes as against the Tomlinsons. Said offer was immediately accepted on behalf of the plaintiffs, and judgment was rendered accordingly, and execution issued thereon to the appellant Bible as sheriff.

On the next day the appellee regularly obtained judgment upon his claim and caused an execution to issue thereon to said sheriff. Said judgments and writs so

standing, the appellee sued the appellants, the Pritchards
and the sheriff, to declare the seniority of his judgment
and execution over those of the Pritchards, and he al-
leged the foregoing facts, together with the facts that the
Tomlinsons were insolvent and that in said confession
of judgment no affidavit was made by or on behalf of the
Tomlinsons as to the debt or the purpose of making the
confession.

Technical questions of practice and numerous ques-
tions but incidental to the principal issue are discussed,
but we find it necessary only to pass upon the principal
question. There was evidence from which the court
might reasonably have found all of the foregoing facts
in favor of the appellee and we will not weigh the evi-
dence, but will consider its preponderance as held by the
trial court. The demurrer to the complaint and several
of the causes stated for a new trial must, therefore, de-
pend upon the facts as we have given them.

By statute it is provided that "whenever a confession
of judgment is made by power of attorney, or otherwise,
the party confessing shall, at the time he executes such
power of attorney or confesses judgment, make affidavit
that the debt is just and owing, and that such confession
is not made for the purpose of defrauding his creditors.
The affidavit shall be filed with the court." R. S. 1894,
section 597 (R. S. 1881, section 588).

In permitting such confessions it was neccessary to
guard them against the possible injustice to creditors
other than those in whose favor the confessions are made,
hence it was required that the confessing party should
make affidavit not only of the justice of the claim con-
fessed but that the confession was not for the purpose of
defrauding creditors. The courts guard carefully the
practice against abuse, and require strict adherence to

the requirements of the statute.   *Harris* v. *Stanton,* 4 Ind. 120.

In *McPheeters* v. *Campbell,* 5 Ind. 107, it was said of this statute that it "seems to be imperative, that the party confessing shall make affidavit, etc.   Whether the judgment in question could be impeached collaterally, is an inquiry not presented by the record; but this is a proceeding wherein the ruling of the circuit court becomes directly the subject of revision. The court evidently had no authority to render a judgment by confession unless in the mode prescribed by the statute.   The production of an affidavit in the required form was an essential step in the case.   And without it the judgment must be considered erroneous.   This view is supported by various adjudications of this court.   *McFadin* v. *Gill,* 1 Blackf. 309; *Ex parte Knight,* 4 Ind. 220; *Mann* v. *Perkins,* 4 Ind. 271; see, also, *Wood* v. *Nevins,* 2 Miles, 113."

*Ex parte Knight, supra,* declares a judgment, without the affidavit, of no validity.   See, also, *Gambia* v. *Howe,* 8 Blackf. 133; *Aldrich* v. *Minard,* 12 Ind. 551; *Mavity* v. *Eastridge,* 67 Ind. 211

In the latter case it was said that judgment by confession, but without affidavit, would be void as to creditors.

The record of the proceedings in which judgment was confessed did not disclose any action or finding of the court upon the question of the execution and sufficiency of the warrant of attorney, and the appellants sought to prove by parol that the court had heard and determined the question of jurisdiction so far as it was involved in the execution and sufficiency of the warrant.   There was no error in the exclusion of such evidence, since the adjudication of courts of record must be proven by the record.

There was no defect of parties in this case in the fail-

ure to make the Tomlinsons plaintiffs or the attorney who confessed the judgment a defendant. The validity of the judgment in favor of the appellants, so far as it created a lien senior to the appellee's lien, was not a question in which the judgment debtors were necessarily interested, nor can we observe the slightest possible interest in the result to the attorney who confessed the judgment. No fraud was charged, and the sole issue was one of priority between the judgments of the appellee and the appellants, Pritchard. The fact that the judgment as to the Tomlinsons may or may not have been valid could not affect the issue.

The sheriff was a proper party defendant since the distribution of the fund derived from any sale upon the executions was a question in which he was interested, and, if the appellee should succeed, required the sheriff to reverse the order of distribution which otherwise he would be required to make.

It was not error to permit the appellee to prove, by the attorney who confessed the judgment, that he possessed no authority not contained in the note. Such evidence was, most clearly, not at variance with any authority given by the note.

There is much force in the appellee's contention that an agreement by which the creditor may control the institution of his action, the appearance, constructively, of the debtor and the confession of a judgment create a dangerous power and one which, upon the ground of public policy, would be of doubtful validity. It would certainly enable the creditor possessing it to engage with unequaled speed in the race for liens. It would practically supply a lien without creating a public record of it. However, we do not decide the case upon the validity of such an agreement but upon the issue that, treat-

ing the warrant as valid, there was no compliance with the imperative requirements of the statute in making the confession.

The judgment is affirmed.

Filed Apr. 30, 1895; petition for rehearing overruled June 13, 1895.