NicholsoN, C. J.,
delivered the opinion of the Court.
A motion is made to dismiss the appeal in this case, because it was prematurely granted by the Chancellor. The appeal was prayed by complainant, and granted after ordering a sale of his lands, under the assumption that the principles involved in the cause were determined by the decree, from which the appeal was taken, or that the decree settles complainant’s right: although the case may not be disposed of as to others, Code, 3157.
The bill was filed in August, 1866, to enjoin the sale of a large and valuable real estate under various executions from courts of law and equity, alleging that there was a conflict of liens among the numerous creditors of complainant, and that a sale thus made would result in great loss and sacrifice, owing to the uncertainty and confusion as to titles, in consequence of the conflicting liens; that the result would be that a few creditors would absorb the estate at ruinous prices, leaving others equally meritorious, unprovided for. He alleges that large amounts of usury are embraced in the claims of some of creditors, against which he desires relief. He calls upon his creditors to come forward and interplead, to have the amounts of their *591 claims justly due ascertained; and that their conflicting liens may be marshalled, and their several priorities ascertained. And then he prays for the sale of the lands for the satisfaction of creditors, according to their respective priorities.
The cause progressed so far as to have all the matters of allegation inquired into and reported upon by the Master, preliminary to a decree settling the amounts of the several claims and their respective priorities of satisfaction. The cause came on for hearing in October, 1869. The decree recites that the Master has filed his report showing the sums due the several creditors, and proceeds: “And it appearing from the bill filed, and from the records in other causes in this court, that all the aforesaid debts are liens on the property of complainant;; some by mortgages, which have been decreed to be foreclosed, others by decrees of this court, others by judgment at law, and others by bills filed to enforce the liens of judgments on equitable estates, the court, without now undertaking to settle the order in which said judgments and decrees shall be paid, doth decree that the said real estate shall be sold to pay the said creditors, &c.; the said complainant here in open court relinquishing all right in himself or creditors, to redeem, and upon the confirmation of the report, the sale, by agreement, shall be absolute.” The decree closes thus: “The complainant may ■take proof and show payments made to any of the creditors, and not set out in said report; and John and Charles Minor, and Kate Stacker having filed bills *592 in the cause during tire term, the defendants have until the January rules to answer so as not to delay the hearing.”
From this decree complainant appealed on the 5th of November, 1869. It can not be said that the Chancellor settled the principles involved in the cause as preliminary to a sale of the lands. The bill was filed to have questions of conflicting liens, and as to alleged usury, settled. There was no principle involved in the sale of the land. No questions as to complainant’s title to the land were involved. The principles to be settled in the cause, related to conflicting liens among creditors which detracted from the saleability of the lands. The complainant prayed for the sale of the lands for the satisfaction of his debts. We see on the face of the decree, that none of these questions of embarrassment, involving principles of law as to the priority of liens, were settled, but were expressly reserved. But the primary object of complainant in filing his bill was to have these questions settled before a sale of his lands should take place. The equity on which he claimed a status in a court of Chancery, rested on his right to require his creditors to interplead and settle their conflicting priorities of liens, to avoid a sacrifice of his property. The Chancellor had recognized his right to the relief he prayed for, by overruling the several demurrers. But in the decree under consideration he reverses his former holding, and by decreeing the sale of the lands, and reserving the questions as to the conflicting liens, he *593 settled the cause against complainant. By the express language of the statute it was competent for him to allow an appeal from this decision. We therefore hold that the motion to dismiss the appeal must be disallowed.
But we think it a proper case for the appointment of a receiver, and that motion we sustain.