# REPORTS OF THE DECISIONS

OF THE

# SUPREME COURT OF THE UNITED STATES,

## OCTOBER TERM, 1877.

### PACIFIC RAILROAD OF MISSOURI v. KETCHUM.

1. Appeals in equity are heard in this court upon the pleadings and proofs below. No new evidence can be submitted, nor can the pleadings be amended here.
2. Without deciding whether a case may not arise in which it would appoint a receiver pending an appeal here, the court declines to do so upon the showing made in this case.

MOTION by the appellant for a rule upon the appellee to show cause why a receiver should not be appointed pending the appeal in this court.

In this cause, a decree of foreclosure and sale was entered in the Circuit Court July 6, 1876, by consent of the present appellant corporation. Pursuant to this decree, the property was sold to James Baker, who, as is alleged, was at the time the solicitor of the company. The answer filed by him for the appellant admitted all the allegations in the bill, and made no defence whatever against the foreclosure. This was authorized by the then directors of the corporation. The purchase-money was paid by Baker, principally in the third-mortgage bonds of the company. The sale was confirmed without objection by the appellant. The owners of the bonds thus paid over organized themselves into a new corporation, and Baker assigned to them the property purchased. On the 24th of October, 1876, the Circuit Court discharged its receiver, and directed him to

turn over all the property in his hands to the new corporation.

On the 1st of November, 1876, the new company made a mortgage on the property, greater in amount than that which had been cancelled by the foreclosure, and delivered the bonds to the parties who had been the holders of those surrendered in payment of the purchase-money, and to certain other persons provided for in a scheme of reorganization. The new company is now running and operating the road, and applying its revenues to the payment of the interest on the bonded indebtedness, including that covered by the new mortgage.

On the 14th of December, 1876, the stockholders of the appellant, at an adjourned annual meeting, passed an order repudiating the action of the directors in allowing their counsel to consent to the decree of foreclosure, discharged Baker as the counsel of the company, and appointed a committee to take charge of their interests without molestation from the directors, and to prosecute and defend all such suits as they might deem for the interest of the company, including an appeal from the decree of foreclosure.

Under this authority, the present appeal was taken in the name of the old corporation, by which a motion is now made for a rule upon the new corporation to show cause why a receiver should not be appointed by this court, "with directions to take the general supervision of the road to the limited extent that the parties now in possession thereof be directed to operate the same under the general directions of the receiver, and to pay over to said receiver any moneys remaining after paying operating expenses, including taxes and such renewals and additions as the receiver approves, and the interest on the first and second mortgages and the sinking funds appertaining to them," and that the new corporation be enjoined from paying interest upon its own issue of bonds pending the appeal.

*Mr. N. A. Cowdrey* in support of the motion.

No opposing counsel.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Without undertaking to decide whether a case may not

arise in which we would exercise the power of appointing a receiver, pending an appeal in this court, we are clearly of the opinion that we ought not to do so upon the showing made here. Appeals in equity are heard upon the pleadings and proofs below. No new evidence can be admitted, and the pleadings cannot be amended in this court.

In this case, the pleadings fail entirely to disclose the defence which the appellant seeks now to make, and it does appear affirmatively that the original decree was by consent. Although the sale was in form to the attorney of the appellant, it was in reality to the bondholders in whose interest the foreclosure was had. No irregularities in the sale itself except this are now complained of, and none whatever were insisted upon below.

Being entirely satisfied that the facts stated in the application for the rule are not sufficient to entitle the plaintiff to the relief it asks, we refuse the rule.　　*Motion denied.*