## DALE ET AL. *v.* KENT ET AL.

RECEIVER.—*Appointment of.*—*Partnership.*—After the dismissal, by the plaintiff, of an action to procure the appointment of a receiver to settle a certain partnership, and to enjoin the issue of executions against its property, the defendant can not, in such action, procure the appointment of a receiver.

SAME.—*Appeal to Supreme Court.*—An appeal to the Supreme Court from an order in a pending cause, appointing a receiver, may be taken without waiting for the determination of the cause.

From the White Circuit Court.

*R. C. Gregory, W. B. Gregory A. W. Reynolds* and *E. B. Sellers,* for appellants.

Dale *et al. v.* Kent *et al.*

*G. S. Orth* and *J. Park,* for appellees.

WORDEN, J.—Joseph Cowdin filed a complaint in the White Court of Common Pleas, against Jacob Markel and others, to settle and dissolve a partnership, and procure an injunction against the issuing of certain executions.

An injunction was granted, and a receiver was appointed. Afterward, the case was transferred to the White Circuit Court. Still later, the injunction which had been granted, was dissolved. After this, the plaintiff in the action, Cowdin, dismissed his action, and the defendants therein took a judgment against him for costs.

After the action had been thus dismissed, the appellees herein moved for the appointment of another receiver in the action, and the appellant Dale, who had become interested in the property, was permitted to appear to and resist the motion. The motion was sustained, and Samuel B. Wright was appointed a receiver. Exception and appeal from the order appointing the receiver.

The 1st section of the act of March 12th, 1875, 2 R. S. 1876, p. 115, provides, "That receivers shall not be appointed by any court, in any case, until the adverse party shall have appeared and answered in the action pending, or shall have had reasonable notice of the pendency of the action and the application for such appointment."

The 2d section of the act provides for an appeal to this court, from an order of the court below appointing, or refusing to appoint, a receiver, without waiting for the final determination of the cause.

By the 1st section of the act it is clear, that a receiver can not be appointed, except it be in an action *pending.*

In the case before us, the action in which the receiver was appointed was not pending, but had been dismissed and ended. The order making the appointment of Receiver Wright was erroneous, and must be reversed.

The order below is reversed, with costs, and the cause remanded.