No. 8844.

## BRINKMAN ET AL. *v.* RITZINGER, ADM'X.

RECEIVER.—*Appointment.*—*Practice.*—A receiver may be appointed, if the facts justify it, at any time while a suit is pending, and after appeal to the Supreme Court from a final judgment, the suit is still pending, so that the lower court may, on application, make such appointment.

SAME.—*Mortgage.*—*Rents.*—*Taxes.*—There was a foreclosure of a mortgage on lands for interest due, the principal debt not having matured, and an appeal to the Supreme Court by the administratrix without bond (the mortgagor having died). Pending this appeal the mortgagee applied to

the lower court for a receiver of the mortgaged premises, showing the foregoing facts, and that the mortgagor died insolvent, having no other property; that the land was worth less than the mortgage debt, and the annual rents less than the interest; that the heir was appropriating the rents to her own use, and not paying the taxes, and that a portion had been sold for delinquent taxes, and that there was a further delinquency of taxes in the sum of $520.

*Held,* that the case was a proper one for the appointment of a receiver, to take the rents pending the appeal, and apply them as the court should direct.

From the Marion Superior Court.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham,* for appellants.

*J. T. Dye,* for appellee.

BICKNELL, C. C.—The appellee had a judgment of foreclosure against the appellant Dorothea Brinkman, and her husband, Charles Brinkman, upon a mortgage of land made by them, embracing the land only, and not the rents and profits, and not to be due until 1887. The foreclosure was for two instalments of interest; there was no application for a receiver prior to the judgment, and there was no personal judgment on the notes secured by the mortgage, and no claim was made in the suit upon the rents and profits of the land.

After the judgment Charles Brinkman died, his widow Dorothea became his administratrix and appealed from the judgment to this court, without an appeal bond.

The appellee then brought this suit against Dorothea Brinkman individually, and Dorothea Brinkman as administratrix, alleging the recovery of the judgment and the appeal without bond, and that the sums found due by the judgment were first liens on the land; that the administratrix is sole heir at law of her husband; that he died insolvent; that the land is not worth the amount of the mortgage; that the annual rents and profits will not equal the annual interest secured by the mortgage, and that there is no property except the land out of which any part of the mortgage debt can be made; that the plaintiff's proceedings are delayed by the ap-

peal; that the defendant is appropriating to her own use the rents and profits of the land, and is allowing the interest on the mortgage debt to accumulate. The complaint prayed for a receiver to take charge of the land and collect the rents and profits and hold them until the determination of the appeal, or apply them under the order of the court to the payment of the plaintiff's debt.

An amendment of the complaint alleged that the defendant has taken possession of the land, and has been receiving and appropriating the rents and profits, claiming the same as heir at law of her deceased husband; that the land has become delinquent for taxes, and some of it has been sold for taxes and has not been redeemed, and that, unless a receiver shall be appointed, the plaintiff will not only lose the rents and profits, but will be obliged to redeem the property, and will be likely to lose her whole debt. The amendment prays that said rents and profits may be subjected to the payment of said taxes and interest, and that a receiver may be appointed to collect the rents and profits and apply them under the order of the court.

The defendant, individually and as administratrix, filed separate demurrers to the complaint as amended, for want of facts sufficient, etc. The demurrers were overruled. The defendant, individually and as administratrix, answered the complaint as amended, by general denials. By agreement a written statement of facts was taken as the evidence in the cause.

That statement contained the facts hereinbefore stated and also that Charles Brinkman died in the occupation of two of the mortgaged tracts as his homestead, leaving no personal property of which said mortgage debt could be made, and that the defendant, since his death, has been occupying said homestead, and has been receiving the rents of the other mortgaged property; that lots ten and eleven on square forty have been sold for taxes, and that the other real estate is delinquent for taxes in the sum of $520.30; that the defendant claims the foreclosure judgment was too large, and, therefore,

is prosecuting her appeal. Upon the trial the court found for the plaintiff, and that a receiver should be appointed to collect the rents and profits of the premises pending the said appeal, and until the further order of the court, and to hold and apply the same under the order of the court, and it was decreed accordingly. The defendant, in her own right and as administratrix, moved to modify the decree so as to confine its operation to so much only of the property as was not held by her as a homestead, as heir of her deceased husband. This motion was overruled by the court.

The defendant, in her own right and as administratrix, made separate motions for a new trial, which motions were overruled; the reasons for the new trial were that the finding and judgment were contrary to law, contrary to the evidence and not sustained by the evidence, and that the court erred in refusing to modify the judgment. This last reason is not proper for a new trial, but the objection sought to be raised thereby is properly saved afterwards, in the bill of exceptions.

The defendant appealed from the judgment to the superior court of Marion county in general term, and there assigned errors as follows:

" 1. Overruling the demurrer of the defendant to the complaint as amended.

" 2. Overruling the demurrer of the defendant as administratrix to the complaint as amended.

" 3. Overruling the defendant's motion to modify the judgment.

" 4. Overruling the defendant's motion for a new trial. ·

" 5. Overruling the motion of the defendant as administratrix for a new trial."

After said errors were assigned, the plaintiff made an affidavit in the superior court at special term, that it was necessary to the rights of the parties that an appeal bond should be executed upon said appeal to said court in general term, and that, without such appeal bond, said rents and profits would be lost to the plaintiff. Thereupon, without any no-

tice to defendant, the superior court in special term made the following order: " It is therefore ordered that the receiver shall have full power to proceed and collect the rents under the order of this court herein, unless the appellant shall, within ten days, file an appeal bond as provided by law."

The defendant moved to set aside this order, because it was without notice, and because of alleged insufficiency in the affidavit; this motion was overruled, the defendant excepted and again appealed to the court in general term. The defendant then executed an appeal bond pursuant to said order.

The superior court in general term affirmed the judgment of the court in special term, and the defendant appealed to this court. The error assigned here by the appellant is that the court in general term erred in affirming the judgment of the court in special term.

In the absence of any statute, the appointment of a receiver depends upon the sound discretion of the court. *Verplank* v. *Caines*, 1 Johns. Ch. 57. And the fact which governs that discretion is the jeopardy of the fund. *Orphan Asylum* v. *McCartee*, Hopkins Ch. 429.

A receiver is a person appointed by the court to receive the rents and profits of land, or any other property, in controversy in a suit, and capable of reduction into possession, where either party ought not to have control thereof pending the suit.

Ordinarily, under the old chancery practice, the appointment of a receiver was an interlocutory proceeding in a pending suit, and it was held that the court had no authority to appoint a receiver, unless there was a suit pending. *Anon*, 1 Atkyns, 489. Except in cases of idiots and lunatics. *Ex parte Whitfield*, 2 Atk. 315. Our statute on receivers, Civil Code, sec. 199, as amended by the act of March 12th, 1875, Acts 1875, p. 117, makes no substantial change in the powers of the court, or in the office of the receiver.

Under this statute it has been held that an application for a receiver is an interlocutory proceeding in a pending suit. Thus, in *Wood* v. *Brewer*, 9 Ind. 86, this court said, in refer-

ence to orders appointing receivers: "They are interlocutory orders, and the statute on the subject of appeal from such orders, does not embrace orders relative to receivers."

The act of March 12th, 1875, *supra*, gives an appeal in such cases, and re-enacts the old rule, to wit: That a receiver can not be appointed until after answer or reasonable notice of the pendency of the action, and of the application for such appointment; but under this act such application is still regarded as an interlocutory proceeding. Therefore, in *Dale* v. *Kent*, 58 Ind. 584, where a receiver had been appointed upon a complaint to dissolve partnership, and afterwards the suit was dismissed, and then the plaintiffs had another receiver appointed, this court reversed the case and said, referring to the act of March 12th, 1875, *supra:* "By the first section of the act it is clear, that a receiver can not be appointed, except it be in an action *pending.*" But there the action was not pending, but had been dismissed.

A receiver may be appointed before the hearing, if the complaint contain a prayer therefor. *Cooke* v. *Gwyn*, 3 Atkyns, 689. And he may be appointed after the decree, while the decree remains in force, whether such relief was prayed for in the complaint or not. *Cooke* v. *Gwyn*, 3 Atkyns, 689; Lube's Eq. Pl. 101; *Meredith* v. *Wise*, 1 Molloy, 27; *Connelly* v. *Dickson*, 76 Ind. 440.

The application for a receiver is generally made by motion after answer filed, but it may be made on affidavits before answer, if it be shown that the plaintiff has an equitable claim upon the property, and that a receiver is necessary to preserve it from loss. *Metcalfe* v. *Pulvertoft*, 1 Ves. & B. 180; *Duckworth* v. *Trafford*, 18 Vesey, 283; *Vann* v. *Barnett*, 2 Bro. C. C. 158; *Bloodgood* v. *Clark*, 4 Paige, 574.

In the foreclosure suit hereinbefore referred to, there was no prayer for a receiver, but if the complaint in that suit had contained such a prayer, with averments that the premises were not sufficient in value to pay the debt, and that the mortgagor, or party in possession, was insolvent, undoubtedly

a receiver would have been appointed before the hearing. *Sea Ins. Co.* v. *Stebbins,* 8 Paige, 565; *Bank of Ogdensburgh* v. *Arnold,* 5 Paige, 38; and see also *Frelinghuysen* v. *Colden,* 4 Paige, 204, and *McCaslin* v. *State, ex rel.,* 44 Ind. 151.

That suit, having been appealed to the Supreme Court, may be regarded as yet pending for the purpose of an application for a receiver of the rents and profits, and we think the court that rendered the decree appealed from was the proper court to hear and determine such an application; whether the application be made by motion or petition, or in the form of a complaint, is, under our practice, immaterial in such a case.

The averments of the complaint as amended were sufficient to authorize the appointment of a receiver after decree. All the rights of the appellant, whether as co-mortgagor, or as administratrix, or as heir of her husband, were subordinate to the rights of the mortgagee against the appellant under the mortgage. There was no error in overruling the demurrers to the complaint as amended, or the motion to modify the judgment, or the motions for a new trial, and there was no error in the judgment of the superior court in general term affirming the judgment of the court in special term.

No error was assigned in the superior court in general term upon the action of the court in special term in refusing to grant the appellants' motion to set aside the order authorizing the receiver to act, notwithstanding the appeal herein, unless an appeal bond should be filed in ten days. No question is presented thereupon in this court. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby in all things affirmed, at the costs of the appellants.

ELLIOTT, J., did not participate in the decision of this cause.