Barnes *et al. v.* Jones.

Filed Oct. 30, 1883.

———◆———

No. 10,442.

BARNES ET AL. *v.* JONES.

PARTNERSHIP.—*Receiver.*—It is only in exceptional cases that a receiver for a partnership will be appointed, unless a dissolution is about to occur or has occurred.

SAME.—*Dissolution.—Complaint.*—A complaint, by a partner against his copartners, for a dissolution, which shows wilful acts of fraud by the

VOL. 91.—11

defendants, the application by them of the partnership funds to their own uses, the making by them of false entries upon the books, the preventing of the plaintiff from having access to such books, and the wilful concealment from him of the condition of the partnership business, is sufficient for that purpose, and, upon such a state of facts, a receiver may be appointed *pendente lite.*

BILL OF EXCEPTIONS.—*Affidavits.*—*Receiver.*—Affidavits, read on the hearing of a motion for an interlocutory order appointing a receiver, become a part of the record only by bill of exceptions, or proper order of court.

Appeal from an order of the Shelby Circuit Court.

*T. B. Adams, L. T. Michener, B. F. Love, H. C. Morrison, N. B. Berryman, —— Wiles, D. L. Wilson* and *A. F. Wray,* for appellants.

*O. J. Glessner, E. K. Adams* and *L. J. Hackney,* for appellee.

NIBLACK, C. J.—The complaint in this case charged that the plaintiff George S. Jones and the defendants James W. Barnes and Frank Drake, on the 16th day of January, 1882, entered into a contract in writing as follows:

" SHELBYVILLE, INDIANA, January 16th, 1882.

" This agreement witnesseth that George S. Jones, J. W. Barnes and Frank Drake have this day entered into a partnership for the purpose of publishing a newspaper in Shelbyville, Shelby county, and State of Indiana, subject to the following conditions, viz.: Said Jones is to furnish all the material which he has in his office, known as the Shelby Volunteer office, at this date. Said Jones is to pay off all mortgages which may be on said Volunteer office. Said Drake and Barnes are to furnish a good printing press of sufficient size for the paper, such type as is necessary to commence the publication of said partnership paper, also to fit up office-rooms of said newspaper office in good style.

" The members of said partnership are to share equally in all expenses, profits and losses from said business. It is further agreed that said Jones is to be a silent partner, and is not to be known in the business for ten months, or such time as may be agreed upon by said parties.

" Said Drake and Barnes are to fill the subscription heretofore made by said Jones for the Volunteer.   Said Jones is to reserve for himself all money due him at this time for subscription, advertising and job work, and the work connected with the Volunteer office.

" Each party is to devote his time and energy to the business in such manner as may be agreed upon by the firm.

(Signed)   " FRANK DRAKE.<br>" J. W. BARNES.<br>" GEO. S. JONES."

The complaint further charged that afterwards, in said month of January, 1882, it was verbally agreed between the plaintiff .and the defendants, that they should publish a six-column quarto weekly newspaper, to be known as " The Shelby Volunteer ; " that all matters of business connected with said paper and its management should be submitted to all the members of the firm, and should be mutually agreed upon before any action would be taken with reference thereto ; that a regular set of books should be kept in their office, in which all the business of the partnership should be promptly and accurately entered, which books should be open to the inspection of all the members of the firm ; that to increase the capital stock each partner should pay in the sum of $50, which sums, together with all the moneys derived from their business, were to be deposited in the First National Bank of Shelbyville, and paid out only by checks from the firm, which was to be known by the name and style of Barnes & Drake ; that as soon as the receipts from their business should exceed its expenses each member of the firm would be entitled to withdraw from the money on hand a sum equal to, and in lieu of, the $50 to be advanced by each to increase the capital stock ; that the plaintiff and the defendant Barnes were to travel over and canvass Shelby and adjoining counties to obtain subscribers to and patronage for their newspaper ; that Drake was to remain in the firm's office and transact all the current business connected with the publication of the newspaper ; that

the business of the paper should be economically transacted; that the plaintiff had in all things complied with his part of the contract of partnership, both written and verbal, but that the defendants had neglected and refused to comply with their part of said contract in many respects:

*First.* They had failed to furnish a suitable printing press.

*Second.* The defendant Barnes had failed to travel and canvass for subscribers and patronage to the paper.

*Third.* The defendants had failed to deposit all the money of the firm which had come into their hands in bank, and had withheld a part of such moneys without the knowledge or consent of the plaintiff.

*Fourth.* The defendants had failed to enter on the books of the firm all the moneys received by them belonging to it, and had purposely and fraudulently concealed from the plaintiff the amount of money actually so received by them from time to time, as well as the sources from which much of it had been received.

*Fifth.* The defendants had falsely and improperly entered on the books of the firm the amounts of money respectively advanced by each partner to increase the capital stock of the enterprise.

*Sixth.* The defendants had paid out moneys belonging to the firm to persons to whom the firm was not indebted, and that for the purpose of cheating and defrauding the plaintiff had made false entries on the books of the firm concerning such payments.

*Seventh.* The defendants had wrongfully, and without the knowledge of the plaintiff, used the funds of the firm for their individual benefit, and had failed to charge themselves with the funds so used on the books of the firm, making several specifications of wrongful use of the partnership funds in that respect.

*Eighth.* The defendants had fraudulently appropriated divers sums of money to their own use, the amounts of which, and from whom received, being unknown to the plaintiff.

Barnes *et al. v.* Jones.

*Ninth.* The defendants had misrepresented to the plaintiff the condition of the firm, and underrated the value of the business it was doing with the view of preventing him from withdrawing the $50 he had advanced to increase its capital at the beginning as herein above stated, and had refused him an inspection of the books of the firm, keeping them either secreted or locked up so as to prevent him from having access to them.

*Tenth.* The defendants had employed more persons than were necessary for an economical management of the business of the firm, and had generally transacted its business in an extravagant and reckless manner.

Wherefore the plaintiff demanded that the partnership should be dissolved, and that a receiver might be appointed to take charge of, and close up, the business of the firm.

The complaint was verified by the oath of the plaintiff, and was filed on the 9th day of September, 1882, which was in vacation of the Shelby Circuit Court. On the same day the parties appeared before the judge of that court at chambers, in Shelbyville, and upon the facts charged in his complaint the plaintiff moved for the appointment of a receiver to take charge of the business and property of the firm. The defendants, as the record informs us, filed counter affidavits in opposition to the motion. The judge, upon full consideration of all the facts presented, ordered the appointment of a receiver in the cause, and appointed John Hoop as such receiver, who proceeded to immediately give bond and to qualify in that capacity.

This appeal is from the interlocutory order thus made in vacation by the judge of the Shelby Circuit Court, ordering and appointing a receiver in the cause.

The clerk has copied into the transcript, as a part of the proceedings before the judge at chambers, what purports to be the joint affidavit of the defendants below, and appellants here, in opposition to the appellee's motion for the appointment of a receiver, but neither this joint affidavit, nor any

other affidavit purporting to have been filed by the appellants, is copied into, or made otherwise a part of, the bill of exceptions we find in the record.    A blank space was left in the bill of exceptions for counter affidavits said to have been filed, but that space remains unfilled, and without any reference to any other part of the record.    The affidavit copied into the transcript, having been improperly brought into the proceedings below by the clerk, as if it had been a pleading in the cause, can not be treated by us as a part of the record, and if a reference had been made to it, as found in the transcript, by the clerk in certifying the bill of exceptions, that would not have made it a part of the bill of exceptions.    *Stewart* v. *Rankin,* 39 Ind. 161 ; *Sidener* v. *Davis,* 69 Ind. 336 ; *Douglass* v. *State,* 72 Ind. 385 ; *Colee* v. *State,* 75 Ind. 511 ; *Chambers* v. *Butcher,* 82 Ind. 508 ; *Sanders* v. *Farrell,* 83 Ind. 28.

There are, consequently, no counter affidavits lawfully before us, and for that reason the cause will have to be decided here upon the allegations of the complaint.

In this condition of the record we are not judicially informed that the facts relied upon in argument by counsel for the appellants, as being a complete answer to the charges made by the complaint, were before the judge at the hearing, and the argument is, in consequence, so far as it rests upon certain alleged facts, unsupported in many material respects by the record.

Independently of any statute upon the subject, there may be cases in which a receiver should be appointed to take charge of the business of a firm merely to bridge over an emergency without a dissolution of the partnership, but the general rule is, as insisted by counsel for the appellants, that a receiver for the business of a firm will not be appointed unless a dissolution has taken, or is about to take, place.    Collyer Partnership, section 353 ; *Dale* v. *Kent,* 58 Ind. 584.

As to causes for the dissolution of a partnership, Collyer, *supra,* after making some quotations from distinguished jurists, proceeds, at section 281 : "However, it may with safety be

laid down, that not only wilful acts of fraud and bad faith, but gross instances of carelessness and waste in the administration of the partnership, as well as exclusion of the other partners from their just share of the management, so as to prevent the business from being conducted on the stipulated terms, are sufficient grounds for the dissolution of the contract by a court of equity. So also, it seems clear that a habit on the part of one partner of receiving moneys and not entering the receipts in the books, or not leaving the books open to the inspection of the other partners, whether such conduct arise from a fraudulent intent or not, is good ground for a dissolution." *Howell* v. *Harvey*, 5 Ark. 270.

This quotation affords a fair illustration of the different kinds of misconduct on the part of the partners, which have been recognized by text-writers and many decided cases as constituting good grounds for the dissolution of a partnership.

The facts charged in the complaint made a very strong *prima facie* case, both for the dissolution of the partnership and the appointment of a receiver to close up its business. There was, consequently, no error in granting the interlocutory order appointing a receiver.

The judgment is affirmed, with costs.

