## Richmond.

ADKINS v. EDWARDS.

MAY 5th, 1887.

1. CHANCERY PRACTICE—*Sale—Appeal—Receiver.*—After decree to sell real estate to satisfy liens and appeal from that decree, the court below may appoint receiver to rent out the real estate. *Moran* v. *Johnston*, 26 Gratt. 108.

2. IDEM—*Interlocutory Decree—Petition.*—A *fortiori* is that true where there is no final decree. In such case, the cause remaining on the docket, such receiver may be appointed without a formal petition for its reinstatement.

Appeal from decree of circuit court of Pittsylvania, entered May 5th, 1885, in the consolidated chancery causes of Whitmel T. Adkins against C. M. Edwards and J. H. Edwards, and in Edwards against Adkins, which causes were then pending in this court on appeal. The decree was for the appointment of a receiver to rent out, pending said appeal, the real estate decreed to be sold to satisfy liens. Opinion states the case.

*John Gilmer* and *B. B. Munford,* for the appellant.

*I. H. Carrington* and *Peatross & Harris,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

After the appeal (*ante,* p. 300) which has just been dis-

posed of had been granted, the circuit court of Pittsylvania county made an order in the consolidated causes of Adkins against Edwards, and Edwards against Adkins, which is in these words:

"On the petition of C. M. Edwards to have a receiver appointed to take charge of the land named in these causes and to rent the same out during the pendency of the appeal from the decree of November term, 1884, the parties were fully heard by counsel. Upon consideration whereof, the court doth appoint Wm. J. Overby, sheriff of this county, as such receiver, and doth adjudge, order and decree that said Overby do take charge of said land and rent the same for this year, and also from year to year during the pendency of said appeal; that he take bond with good security for the rent of each year, payable on the twenty-fifth of December of each year, and if not paid, that he take the necessary legal steps to collect the same, and, when collected, he shall hold the money subject to the further order of the court. Said Overby shall make report of his proceedings." From this decree an appeal was awarded by one of the judges of this court.

We are of opinion that the action of the circuit court in the particular complained of must be affirmed upon the authority of the case of *Moran* v. *Johnston,* 26 Gratt. 108. In that case there was a decree for the sale of certain real estate, from which decree there was an appeal taken to this court. After the appeal had been obtained, and during its pendency, the lower court, upon the petition of certain creditors who were parties to the suit, appointed a receiver to take possession of the real estate in the proceedings mentioned, and to rent it out and collect the rents until the further order of the court. From this decree the defendants appealed, and the decree was affirmed on the ground that the appointment of a receiver was not repugnant to the first appeal, but was made necessary by that.

appeal, and could be made only by the court of original jurisdiction.

It was also said by the court that, "though after a final decree and appeal therefrom to the appellate tribunal the cause may no longer be pending in the court of original jurisdiction, it may in certain cases be brought up and restored to the docket upon a petition for rehearing pending an appeal; *a fortiori* it may, upon the petition for the appointment of a receiver to preserve the fund, pending the litigation, which does not involve any matter litigated by the appeal."

The present case is even stronger in favor of the action of the court complained of; for here there had been no final decree, and the causes in which such action was taken have, therefore, not been removed from the docket of the circuit court. The decree from which the first appeal was taken was an interlocutory decree, and consequently the appointment of a receiver was right, without a formal petition having been filed praying that the causes be restored to the docket. Such a petition was wholly unnecessary. The causes were on the docket when the application for the appointment of a receiver was made and granted. There is nothing objectionable in the order appealed from, and the same is affirmed.

DECREE AFFIRMED.