No. 590.

## GREEN *v.* DYER, RECEIVER.

PRACTICE.—*Motion to Suppress Deposition.*—*Bill of Exceptions.*—Where a motion, supported by affidavit, was filed to suppress a deposition, and the bill of exceptions did not contain the motion and affidavit, and there was nothing even to indicate that the bill of exceptions had ever been filed, the alleged error of the court in overruling the motion to suppress was not saved in the record.

From the Knox Circuit Court.

*G. G. Riley* and *J. W. Emison,* for appellant.

*W. W. Woollen, W. A. Cullop* and *C. B. Kessinger,* for appellee.

ROBINSON, J.—The appellee prosecuted this suit as receiver of the insolvent firm of Milton A. Woollen and Charles J. Colgan, under an appointment of the superior court of Marion county, Indiana. The complaint charges that the insolvent firm were wheat dealers at Sandusky, Ohio; the appellant a wheat dealer at Vincennes, Indiana, and that said firm bought of the appellant 42,000 bushels of wheat, to grade No. 2 red winter, in different lots, and by the terms of the contract, all wheat grading No. 3 at 3 cents less than the contract price, and all above 25 per cent. of the amount that graded as No. 3 was to be accepted at 5 cents below the contract price, and all grading lower than No. 3 was to be sold by said firm and accounted for at the market difference on the day of sale, and the wheat was to be received by said firm at Sandusky weights and inspections; that, pursuant to said contract, the appellant sent to said firm 42,088$\frac{20}{60}$ bushels, and the firm paid appellant on bills of lading for the amount so sold by him to them; and other averments showing that the wheat was of a lower grade than the contract provided for, and that the firm overpaid appellant on the shipments in the sum of $639.44, for which this suit was prosecuted.

The appellant answered, that after the contract was made between him and said firm, and the wheat shipped to fill it, and that when part of it reached Sandusky, the firm notified him the wheat was so inferior they would not take it at prices agreed upon, thereupon, in compromise of the matter, the parties made a new contract, partly in writing and partly in parol, by the terms whereof the wheat grading No. 2 was to be taken at the price first agreed upon, and the wheat of lower grade should be taken as follows : Twenty-five per cent. thereof discounted three cents per bushel ; and the remaining portion which fell below No. 3 should be discounted five cents per bushel ; that the wheat delivered under this contract amounted to $36,712.21 ; that from that sum deduct the freight paid by said firm, $2,901.14, and the amount paid on appellant's bills of lading . . . . . . . . $32,575 00
That the discount for low grade wheat would be .    305 00

                                                     $3,581 14

By this showing nothing would be owing the firm from the appellant under this new contract.

Under the issue, as thus formed, the cause was tried by a jury, resulting in a verdict in favor of the appellee. Judgment was rendered on the verdict.

Appellant then filed a motion for a new trial, which was overruled, and this ruling constitutes the assignment of error in this court.

Appellant has waived in argument all of the causes assigned in the motion for a new trial but the second, which cause alleged that the court erred in overruling appellant's motion to suppress the deposition of L. F. Shepard, taken by the appellee in said cause.

Before the trial of the cause appellant moved to suppress the deposition of said L. F. Shepard, whose evidence was material and important to the appellee, on the ground that no notice was given of the time and place at which the deposition was to . be taken ; that a copy of the notice delivered to appellant's

Green *v.* Dyer, Receiver.

attorneys was that the deposition was to be taken at Indianapolis on the 9th day of January, 1891, and was served upon the same day, but the notice attached stated that it would be taken on the 13th of January, 1891, and as of that date was acknowledged by appellant's attorneys by proper printed and written endorsement thereon. The motion was supported by the affidavit of one of appellant's attorneys. The counsel for the appellee, however, make the point that we can not consider the ruling of the circuit court in overruling the motion to suppress the deposition, because no question as to said ruling is properly saved by the record.

The record shows that before the trial of the cause the appellant did move to suppress said deposition. The motion, supported by the affidavit of one of the attorneys for the appellant, is copied into the record. It also appears that appellant excepted to the ruling on the motion to suppress, and ten days' time was given for a bill of exceptions, but it does not appear that the motion was filed. This did not make the motion a part of the record. *Barnes* v. *Jones,* 91 Ind. 161; *Norton* v. *State,* 106 Ind. 163.

The bill of exceptions in the case intended to save the point under consideration appears at the end of the record immediately preceding the certificate. of the clerk, and in it is inserted in parenthesis the words (here insert said motion and affidavit). In making the record the clerk has not copied the motion and affidavit in the bill of exceptions at the point indicated, nor in no way referred to the motion and affidavit by page or line where the same could be found, and there is no memorandum, recital or file mark to indicate when the bill of exceptions was filed, or indeed that it ever had been filed in the cause, without considering other objections of the appellee.

It is clear that the point argued by the appellant as to the alleged error of ths court in overruling the motion to suppress is not saved in the record. We can not, therefore, consider that question. *Crumley* v. *Hickman,* 92 Ind. 388;

*Shulse* v. *Mc Williams,* 104 Ind. 512 ; *Pratt* v. *Allen,* 95 Ind. 404, and the numerous citations in these cases. It therefore follows, as all other causes in the motion for a new trial have been waived in argument by the appellant, that the judgment must be affirmed, and is affirmed.

Filed June 8, 1892.