COLEMAN *v.* FISHER.

Opinion delivered December 17, 1898.

RECEIVER—APPOINTMENT PENDING APPEAL.—Where a complaint asking for foreclosure of a mortgage of land is dismissed by the chancery court, and an appeal taken, the proper practice, if appellant desires the appointment of a receiver to take possession of the property and rent same during the pendency of the appeal, is to make application therefor to the lower court. (Page 43.)

Appeal from Pulaski chancery court.

DAVID W. CARROLL, Chancellor.

BATTLE, J. This action was instituted in the Pulaski chancery court by Edward W. Coleman against J. W. Fisher and Dora P. Fisher to foreclose a mortgage upon real estate. At the final hearing the complaint was dismissed, and the mortgage was cancelled; and the plaintiff appealed. The appellant has filed in this court a petition by which he asks for the appointment of a receiver to take possession of the property mortgaged and rent the same during the pendency of this appeal, and to collect the rents and hold the same subject to the order of this court. Shall the petition be granted? This question involves another, and that is, has the chancery court power to appoint a receiver, after an appeal to this court has been taken, when the facts warrant it?

It is said in Elliott on Appellate Proceedings (§ 545): "Matters independent of, and distinct from, the questions involved in the appeal are not taken from the jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral and supplemental, lying outside of the issues framed in the case, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted. The general

rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not infringed by holding that purely collateral or supplemental matters are left under the control of the trial court, notwithstanding the loss of jurisdiction over the case taken to the higher court."

In the text books on receivers it is said that the power to appoint receivers is generally confined to courts having original jurisdiction, and is rarely exercised by those having appellate jurisdiction only. Beach, Receivers, § 15; Smith, Receivers, p. 54, § 18; High, Receivers, § 41.

In *Moran* v. *Johnston*, 26 Gratt. 108, there was a decree for the sale of certain land, and an appeal was taken from it to the supreme court of appeals. During the pendency of the appeal the lower court, upon the petition of creditors who were parties to the suit, appointed a receiver to take possession of the real estate, rent it out, and collect the rents until the further order of the court. From this decree the defendants appealed, and the decree was affirmed on the ground that the appointment of a receiver was not repugnant to the first appeal, but was made necessary by that appeal, and could be made only by the court of original jurisdiction. *Adkins* v. *Edwards*, 83 Va. 316.

In *Beard* v. *Arbuckle*, 19 W. Va. 145, certain lands were ordered to be sold, and an appeal was granted, and the sale was superseded. The court held that the trial court, to preserve the rents and profits of the land, could, upon the petition of the creditors, appoint a receiver, notwithstanding the case was pending in the supreme court of appeals upon a supersedeas.

In *Brinkman* v. *Ritzinger*, 82 Ind. 358, a receiver was appointed after a final decree had been rendered, and after an appeal had been taken. The court said: "He may be appointed after the decree, while the decree remains in force, whether such relief was prayed for or not". And further said that "the suit, having been appealed to the supreme court, may be regarded as yet pending for the purpose of an application for a receiver of the rents and profits, and we think the court that rendered the decree appealed from was the proper court to hear and determine such application." *Chicago & S. E. Ry. Co.* v. *St. Clair*, 42 N. E. Rep. 225.

In *Goddard* v. *Ordway*, 94 U. S. 672, the court held that "where the subject-matter of litigation is the funds in the possession of a receiver, the court below may, notwithstanding the supersedeas, give him the requisite order for their preservation; but it cannot place them beyond the control of a decree that may be made" by the supreme court.

In *Pacific Railroad Company* v. *Ketchum*, 95 U. S. 1, the supreme court of the United States refused to appoint a receiver over the property of a railway, pending an appeal from a decree of foreclosure, but without undertaking to decide whether a case may not arise in which it would exercise the power during the pendency of an appeal.

In Tennessee, however, it has been held that the supreme court of that state has the power to appoint receivers, "when it becomes necessary and proper to exercise such powers, in the due administration of its appellate jurisdiction; but, to exercise this power, the property sought to be placed in the hands of the receiver must be first brought under the jurisdiction of that court by virtue of the appeal, or by virtue of some order or decree rendered in that court." *Kerr* v. *White*, 7 Baxter, 394; *West* v. *Weaver*, 3 Heisk. 589.

Under the statutes of this state, "whenever it shall not be forbidden by law, and shall be deemed fair and proper in any case in equity, the court, judge or chancellor may appoint some prudent and discreet person as receiver," and may do so "either before or after answer or after a decree." Sand. & H. Dig., §§ 5964, 5965. He may exercise this power in a proper case after an appeal to this court. Having the jurisdiction to hear and determine applications for receivers during the pendency of appeals, it seems to us that it would be less expensive and more convenient to litigants to make such applications to the courts in which the decree appealed from was rendered, or the judges of the same, than it would be to make them to this court. They have the authority to take such competent testimony as may be necessary to enable them to act advisedly, and to hear and determine questions pertaining to the relief sought. This power falls more appropriately within the original jurisdiction of the trial courts than it does in that of this court. We

therefore think it meet and proper, and that the better practice is, that such applications should be made to them:

"Without undertaking to decide whether a case may not arise in which we would excercise the power of appointing a receiver pending an appeal in this court," we deny the petition of appellant, without prejudice to a new application to the Pulaski chancery court.