Wytheville.

GOOCH V. OLD DOMINION TRUST COMPANY.

June 14, 1917.

Absent, Prentis and Burks, JJ.

1.  TRUSTS AND TRUSTEES—*Jurisdiction of Equity—Bill of Conformity.*—As trustees hold the legal title for the benefit of third persons, and as the law forbids them from making any profit to themselves from their management of, or dealings with the trust fund, so the law protects them from loss if they act according to law in good faith. And in all cases of doubt as to what the law is, and what their conduct ought to be under it, they are entitled to direction and instruction from the court. Whenever a case occurs which justifies the proceedings, trustees, by bill setting forth the facts and joining the proper parties, may ask the court for instructions as to their duties under the circumstances in which they, or the trust funds, are placed. Such instructions and orders, obtained without collusion or fraud, and followed in good faith, will protect trustees from loss, whatever may be the event.

2.  APPEAL AND ERROR—*Bill of Conformity—Violation of Supersedeas.*—A bill of conformity filed by the curator of an estate, praying the instruction and guidance of the court in the discharge of its duties as curator with respect to matters affecting the estate, to which special attention is directed and which complainant alleges cannot be safely disposed of except by the direction of the court, in nowise contravenes a supersedeas order in a collateral suit involving the estate. The object of the bill is to preserve the property of the estate pending litigation for whomsoever shall ultimately be adjudged the rightful owner. Such is the common practice with trial courts in this jurisdiction.

Appeal from a decree of the Circuit Court of Mecklenburg county. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Buford & Peterson, S. E. Williams* and *C. T. Baskervill,* for the appellant.

*S. S. P. Patteson* and *H. M. Smith, Jr.,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

This suit is nearly related to the case of *Margaret Radcliffe Gooch* v. *Annie W. Suhor,* in which an opinion affirming the order of the Circuit Court of Mecklenburg county has been handed down at the present term. The Old Dominion Trust Company, as curator of the estate of W. H. Gooch, deceased, filed its bill of conformity against the widow, Margaret Radcliffe Gooch, and Annie Wayne Suhor, the only child of decedent, and her husband George L. Suhor, praying the instruction and guidance of the court in the discharge of its duties as curator with respect to matters affecting the estate, to which special attention is directed and which plaintiff alleges cannot be safely disposed of except by the direction of the court.

The case was heard and determined on the bill and a supplemental petition setting up additional facts confronting plaintiff in the management of the estate, and on the answers of Mrs. Gooch both to the bill and petition and exhibits filed with the pleadings. From a decree taking jurisdiction of the case and granting the relief prayed for, this appeal was granted.

Though there was no demurrer to the bill or petition, yet the answers challenge the right of the plaintiff to maintain the suit and the jurisdiction of the court to grant the relief awarded by the decree, or, indeed, to grant any relief upon the case made by the pleadings.

The bill, among other things, alleges: (1) That plaintiff has collected $40,000 in cash from doubtful securities, and

that debts to the amount of more than $50,000 have been filed with it for payment, but that plaintiff believes it has no authority to pay debts, except, perhaps, funeral expenses and tax bills, because the estate is involved in litigation over the antenuptial contract between W. H. Gooch and Margaret R. Gooch, one branch of which is pending in the Supreme Court of Appeals of Virginia, and another in the United States District Court for the Eastern District of Virginia, and plaintiff cannot undertake to determine the rights of the respective parties to that litigation; (2) that nearly all the real estate, consisting of a number of separate tracts of land situated in Mecklenburg county, Virginia, at the time of the death of W. H. Gooch was leased to different tenants for part of the crop; that none of these leases is in writing, and all will expire on January 1, 1917; that it is to the interest of all parties that these leases shall be renewed, yet, in view of the litigation referred to, plaintiff is not advised as to what its duty is in the premises; that the present tenants are insisting that they be informed at once whether they will be permitted to renew their leases and continue as tenants on the same terms as they had with W. H. Gooch for another year, or will have to seek other farms; still, unless plaintiff shall be instructed by the court as to his duty, it does not know what course to pursue with respect to that property; (3) that Mrs. Gooch has notified plaintiff that it will be held responsible for more than 3% interest on the balance in its hands; that 3% is the usual bank rate for court funds, and plaintiff has no power to invest the sums received by it, but stands ready to carry out the court's instruction as to what disposition it shall make of the same; that in connection with its trust business, plaintiff maintains a banking department, in which the balance is now on deposit, but it will be placed in other banks if the court shall deem it best to do so. (4) The supplemental petition calls the court's attention to the fact that, while the funds referred to in the last paragraph are yielding only

3%, the debts against the estate bear 6% interest, and plaintiff suggests that it would be beneficial to the estate to pay the debts so far as such payments may not affect priority in the order of payment prescribed by the statute. (5) The next paragraph of the petition describes ten separate tracts of land, concerning the leasing of which plaintiff invokes the guidance of the court. (6) Plaintiff also draws attention to certain perishable property, and advises the expediency of the court authorizing immediate sale thereof. (7) Plaintiff requests that, in addition to the inquiries already directed, the commissioner shall be required to report: (a) What debts, if any, in order to conserve the best interest of the estate, should now be paid; and (b) whether the payment of such debts will affect the priority in the order of payment prescribed by law, and, if so, how.

As remarked, appellant controverts the propostion that any or all of the matters alleged confer jurisdiction upon the court under the pleadings, and strenuously protests against mulcting her interest in the estate with any part of the expense or cost of the litigation. She also insists that the institution and prosecution of this suit violates the supersedeas order in the case now pending in this court. We shall briefly consider these two contentions in the order in which they occur.

1. We have nowhere found the rule with respect to the right of a trustee or other fiduciary to file a bill of conformity invoking the assistance of a court of equity in the administration of his trust, and the reason for the doctrine, more clearly stated than in Perry on Trusts and Trustees. The learned author at section 476-a observes: "As trustees hold the legal title for the benefit of third persons, and as the law forbids them from making any profit to themselves from their management of, or dealings with the trust fund, so the law protects them from loss if they act according to law in good faith. And in all cases of doubt as to what the law is, and what their conduct ought to be under it, they

are entitled to direction and instruction from the court * * * Whenever a case occurs which justifies the proceedings, trustees, by bill setting forth the facts and joining the proper parties, may ask the court for instructions as to their duties under the circumstances in which they, or the trust funds, are placed. Such instructions and orders, obtained without collusion or fraud, and followed in good faith, will protect trustees from loss, whatever may be the event. It would be a harsh rule to hold the trustee for an error of the court." 2 Perry on Trusts and Trustees (6th ed.), sec. 476-a.

The doctrine of the text is in harmony with the rule of procedure in this State, and is sustained by the uniform course of decision in this court. *Osborne* v. *Taylor,* 12 Gratt. (53 Va.) 117, 122-123; *Faulkner* v. *Davis,* 18 Gratt. (59 Va.) 651, 677-8; 98 Am. Dec. 698; *Leake's Ex'or* v. *Leake,* 75 Va. 792, 800; *Christian* v. *Worsham,* 78 Va. 100; *Schroeder* v. *Woodward,* 116 Va. 506, 527, 82 S. E. 192; *Shepherd* v. *Darling,* 120 Va. 586, 91 S. E. 737.

In the last named case, decided March 15, 1917, Kelly, J., in delivering the opinion of the court, at p. 453, says: "Although the contention is made by the appellants that Schmelz, as surviving executor, did not have the power to sell the property without an order of court, we are of opinion that, under the plain provisions of the will, he clearly did have this power, and that the same was not in any way affected or diminished by the previous proceedings in the above-mentioned suit of *McMenamin's Ex'or* v. *McMenamin, et al.* But it is equally true that, as executor and trustee, he had the right, notwithstanding such power, to go into a court of equity for advice and instruction upon the proposition. Having taken that course in good faith, as we think the evidence shows he did, he is fully protected by the order of the court under which he acted. 2 Min. Inst. (4th ed.), p. 256; 2 Pom. Eq. Jur., sec. 1064; 21 Cyc. 88." ·

There is no question on our mind of the good faith of the plaintiff in bringing this suit, and the power of the court to entertain the bill and grant the relief accorded by the decree under review is fully sustained by the authorities.

2. The remaining contention is founded upon misapprehension of the purpose of the suit. It in no wise contravenes the supersedeas order in the case of *Margaret R. Gooch* v. *Annie W. Suhor,* but its object is to preserve the property of the estate pending litigation, for whomsoever shall ultimately be adjudged the rightful owner. Such is the common practice with trial courts in this jurisdiction. *Cralle* v. *Cralle,* 81 Va. 773; *Atkins* v. *Edwards,* 83 Va. 316, 2 S. E. 439; *Bristow* v. *Home Building Co.,* 91 Va. 18, 20 S. E. 946, 947.

The decree appealed from is without error and is affirmed.

*Affirmed.*