MAZIE HENDERSON FLEMING v. S. C. FLEMING, Executor.

Middle Section. October 13, 1928.

No petition for Certiorari was filed.

R. H. Crockett, J. C. Eggleston, and T. P. Henderson, all of Franklin, for appellee, Mrs. Fleming.

D. E. McCorkle and Tyler Berry, both of Franklin, and A. H. Roberts, of Nashville, for appellant, Executor.

CROWNOVER, J. This case is before us on motion for the appointment of a receiver to take charge of a one hundred and three-acre tract of land, for the purpose of repairs and rental pending the hearing on appeal.

While the parties prayed in the pleadings for the appointment of a receiver, if necessary, no direct application was made to the Chancellor before or at the hearing, and the motion is made for

the first time in this court. The title of this property has been in litigation for many years, and it has been in the possession of the defendants all the while, but the Chancellor decreed the complainant to be the owner of the property and entitled to possession, with right to recover four-fifths of the rents and profits since 1924, subject to a credit for taxes paid and any other credits to which they may show themselves entitled; from which decree the defendants have appealed, and now seek to have this court appoint a receiver for the property as it is insisted that the dwellings, outhouses, barns, fences and improvements are in very bad condition, to the extent that the property cannot now be rented unless the improvements are repaired, and that it will take more than the rents to repair same.

The motion is resisted by complainant, and she insists that all the facts arose long before the trial in the court below, and no application for a receiver was made there.

After an examination of the record, we are of the opinion that a receiver should not be appointed at this stage of the case, as the appointment would involve the exercise of original jurisdiction, as the property was not impounded in the lower court or by a decree of this court, and is not in custodia legis.

While the several courts of this State are vested with power to appoint receivers (Shannon's Code, secs. 5549, 5752, n. 2) yet the rule to be deduced from the decisions of the Supreme Court, is that the Supreme Court will appoint a receiver upon the hearing of the case on the appeal, where a proper case therefor appears from the record, regardless of the action or nonaction of the court below, and will appoint a receiver upon application or motion, in advance of the hearing upon the merits, in the due administration of its appellate jurisdiction, where the property was impounded in the court below by attachment or decree of sale to enforce a lien declared thereon, or where it has been impounded by any order or decree of the Supreme Court, upon the record, where there has been no action of the court below in reference to the appointment of a receiver that would involve a revision of some order or decree of such court in advance of the regular hearing of the case on the appeal; or the receiver will be appointed, regardless of the action of the court below, upon application or motion based upon new facts occurring since the appeal, and made to appear from affidavits showing a proper case for a receiver, to be acted on by the Supreme Court in furtherance of its appellate jurisdiction, and not in the exercise of original jurisdiction. But where the property was not impounded by attachment, decree, or otherwise in the court below, nor by any order or decree of the Supreme Court, a

receiver will not be appointed by such court on application or motion separate and apart from the regular hearing of the case on the appeal, nor will a receiver be appointed by such court except in the regular hearing of the case on the appeal, where such appointment would involve a revision of the action of the court below. Shannon's Annotated Constitution of Tennessee, 396-398; Shannon's New Code, sec. 6268, n. 8; Bidwell v. Paul, 5 Bax., 693; West v. Weaver, 3 Heisk., 589; Hoge v. Hollister, 8 Bax., 533; Kerr v. White, 7 Bax., 394; Allen v. Harris, 4 Lea, 190; Derusmont v. Patton, 4 Lea, 597; State v. Gannaway, 16 Lea, 129; Gibson's Suits in Chancery (Rev. Ed.), 1300.

An application made to the Supreme Court, in a case pending by appeal therein, for the appointment of a receiver, based upon new facts not in the record, but occurring since the appeal, involves the exercise of original jurisdiction by the Supreme Court, and not simply appellate jurisdiction, and therefore it cannot be entertained where the property is not impounded. Allen v. Harris, 4 Lea, 190; State, etc., v. Gannaway, 16 Lea, 129; Kerr v. White, 7 Bax., 394.

Receivers will not ordinarily be appointed where the contest between the parties grows out of a conflict of legal titles to land in the absence of equitable circumstances affecting the parties, where the parties are not insolvent, and where there is no danger of waste or irreparable injury to the property. Gibson's Suits in Chancery (Rev. Ed.), secs. 899, 901; Shannon's New Code, sec. 6268, n. 3; Richmond v. Yates, 3 Bax., 204; Davis v. Reaves, 2 Lea, 649.

As we view it, if the facts are as insisted by the defendants, the refusal to appoint a receiver at this time will work no great hardship; hence the motion for the appointment of a receiver will be overruled for the present.

Faw, P. J., and DeWitt, J., concur.