BOGARD *v.* POWELL.

4-7809                                 189 S. W. 2d 660

Opinion delivered October 15, 1945.

*Abe Collins,* for appellant.

*Ben Shaver* and *Charles A. Maze,* for appellee.

PER CURIAM. The decree appealed from, in respect of which the prevailing parties have petitioned this court for the appointment of a receiver, involves title to 161 acres in Little River county.

In 1933 Dr. John T. Bogard owned the land. He deeded it to a son, John T., Jr., and the latter conveyed to his father and to his mother, Effie E. Bogard—creating, *prima facie,* an estate by the entirety. Effie E. Bogard yielded possession and management to John T., Jr., when her husband died, and in 1944, by deed, conveyed to John T., Jr. It was alleged in the complaint that Dr. Bogard, by conveying to his son, sought to perpetrate a fraud upon creditors and, in particular, to defeat collection under a judgment procured by one who was injured through negligence attributed to Dr. Bogard.

The answer of Effie E. Bogard, John T. Bogard, Jr., and Rose Marie Bogard (the latter being the wife of John T., Jr., who joined in his deed to father and mother) sets out certain defenses; and the cross-complaint alleges affirmative rights that need not be considered in this opinion.

In the decree handed down in July of this year, contention of Mary Bogard Powell and Jewel Bogard Hobson (daughters of Dr. Bogard) were in the main sustained, resulting in cancellation of certain deeds and vesting a fee in the son and two daughters as heirs of the decedent.

Mary Bogard Powell and Jewel Bogard Hobson alleged in their petition for a receiver that John T., Jr., is in exclusive possession and that he is preparing to harvest a crop of papershell pecans estimated at 140,000 pounds, and valued at $25,000. Other allegations essential to an affirmative showing of adverse interests are made. The petitioners did not apply to the chancery court, nor was the decree superseded. The question is argued here upon a point of jurisdiction.

Without holding that this court does not have power to name a receiver, and reserving that point for determination if the circumstances of a particular case and the equities involved should disclose an imperative need, we prefer that the petitioners follow the rule laid down in *Coleman* v. *Fisher,* 66 Ark. 43, 48 S. W. 807. While in the Coleman-Fisher case the parties who lost below were petitioners, and in the instant case those who prevailed are asking relief, it was clearly held by Judge BATTLE that the chancery court did not lose jurisdiction in respect of a receivership when the appeal was filed. See 45 American Jurisprudence, p. 78; 111 A. L. R. 502, annotation.

The petition is denied, with leave to apply to chancery.